IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 JUN 27  P 4: 51

PERRA R. HACKETT, CLK
U.S. DISTRICT COURT
MI DLE DISTRICT ALA

| | |
|---|---|
| PEOPLESSOUTH BANK, LARRY PITCHFORD, and JERRY GULLEDGE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| PROGRESSIVE CASUALTY INSURANCE COMPANY; ROYAL INDEMNITY COMPANY, as successor in interest to GLOBE INDEMNITY COMPANY; HARRIS LEVESON; and HARRIS PEST AND TERMITE CONTROL, | ) ) ) ) ) ) ) |
| Defendants. | ) |

Civil Action No. 2:06 cv 578 -

## JOINT NOTICE OF REMOVAL

COME NOW Progressive Casualty Insurance Company[1] ("Progressive") and Royal Indemnity Company, as successor in interest to Globe Indemnity Company ("Royal") (collectively, the "Removing Defendants" or "Insurance Defendants"), the only parties properly joined and aligned as defendants in the above-styled cause, and give notice, with full reservation of all available defenses, that this case is hereby removed from the Circuit Court of Barbour County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division pursuant to the provisions of 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446. As and for their Notice of Removal, the Removing Defendants show unto the Court as follows:

1.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases. *See* 28 U.S.C. § 1441, 1446(b).

---

[1] Progressive was incorrectly named in Plaintiffs' Complaint as Progressive Casualty Insurance Company, Inc.

2.    On May 26, 2006, Plaintiffs filed this action in the Circuit Court of Barbour County, Alabama against Progressive Casualty Insurance Company, Royal Indemnity Company, as successor in interest to Globe Indemnity Company, Harris Leveson, and Harris Pest and Termite Control, said case number being CV-2006-85 in said court.  A true and correct copy of the Summons and Complaint and the contents of the state court file are collectively attached hereto as **Exhibit A**.    In their Complaint, Plaintiffs allege that the Removing Defendants breached contracts of insurance with Plaintiffs and acted in bad faith in regards to the terms and requirements of those contracts.  Further, Plaintiffs seek declaratory relief from the Court that the Removing Defendants owe Plaintiffs an obligation to defend and indemnify them from any claims made by Harris Leveson and Harris Pest and Termite Control pursuant to the terms of the insurance contracts. *See, e.g.*, Compl. ¶¶ 42-47.

3.    On June 1, 2006, Progressive was served with Plaintiff's Complaint.  This was the first pleading received by any of the named defendants setting forth the claims for relief on which this action is based.  Therefore, the Removing Defendants file this Notice of Removal within 30 days of service of the initial pleadings on any defendant, and within one year of the commencement of this action as required by 28 U.S.C. § 1446(b).  Accordingly, removal of this action is timely.  No previous application for removal has been made.

4.    The United States District for the Middle District of Alabama, Northern Division, embraces the county in which the state court action is now pending, and thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 81(a)(3).

5.    This suit is an action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may be removed to this Court under the provisions of 28 U.S.C. § 1441.  Removal under section 1441 is appropriate because complete

diversity of citizenship exists between the *properly joined and aligned* defendants in the underlying cause, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I.    Complete Diversity of Citizenship Exists Between Plaintiffs and the Removing Defendants

6.    Plaintiff PeoplesSouth Bank, formerly known as Peoples Community Bank, Inc., is a corporation organized under the laws of the State of Georgia, with its principal place of business in the State of Georgia.

7.    Plaintiff Larry Pitchford is a resident citizen of the State of Alabama and currently resides in Abbeville, Alabama.

8.    Plaintiff Jerry Gulledge is a resident citizen of the State of Alabama and currently resides in Eufala, Alabama.

9.    Defendant Progressive is, and at the time of the filing of this action was, a corporation organized under and by virtue of the laws of the State of Ohio, with its principal place of business in Ohio.

10.    Defendant Royal is, and at the time of the filing of this action was, a corporation organized under and by virtue of the laws of the State of Delaware, with its principal place of business in Charlotte, North Carolina.

11.    Harris Leveson is a resident of the State of Alabama and currently resides in Midway, Alabama.  Harris Leveson has been improperly aligned and fraudulently joined as a nominal party defendant in this action. *See infra* Section III.

12.    Harris Pest and Termite Control, Inc. is a corporation organized under the laws of the State of Alabama, with its principal place of business in the State of Alabama.  Harris Pest

and Termite Control has been improperly aligned and fraudulently joined as a nominal party defendant in this action. *See infra* Section III.

## II.    The Amount-In-Controversy Requirement is Satisfied

13.    The amount-in-controversy requirement of 28 U.S.C. § 1332 is clearly satisfied in this case. In their Complaint, Plaintiffs seek damages from the Removing Defendants for alleged breaches of insurance contracts and for the alleged bad faith handling of claims submitted by them to the Removing Defendants. *See* Complaint attached hereto as **Exhibit A**. As further asserted in their Complaint, the Circuit Court of Barbour County, Alabama entered a $3.5 million judgment in favor of Harris Leveson and Harris Pest and Termite Control on October 7, 2005. A true and accurate copy of this judgment is attached hereto as **Exhibit B**. The Plaintiffs in this case allege that the Removing Defendants breached their insurance contracts with them by refusing to provide coverage for the $3.5 million judgment entered against them. In their bad faith claims, Plaintiffs further demand unspecified punitive damages from the Removing Defendants for the handling and process of claims made by them on the insurance policies they had with Progressive and Royal.

## III.    The Removing Defendants May Properly Remove This Case Without the Consent or Consideration of Harris Leveson or Harris Pest and Termite Control

14.    Removal without the consent or consideration of either Harris Leveson or Harris Pest and Termite Control is appropriate in this case because (A) these parties should be realigned as Plaintiffs in this matter; and (B) these parties have been fraudulently joined as Defendants in this matter.

**A.**   **Both Harris Leveson and Harris Pest and Termite Control should be realigned as Plaintiffs in this case.**

15.   Harris Leveson and Harris Pest and Termite Control have been improperly named as defendants in this case for the sole purpose of defeating the Removing Defendants' right to remove this action to the proper federal court.  This practice is not appropriate under federal law. Indeed, "no policy is served by allowing a mislabeled 'defendant' to defeat the true defendants' right to remove the case by withholding its consent."  *Premier Holidays Int'l, Inc. v. Actrade Capital, Inc.*, 105 F. Supp. 2d 1336, 1340 (N.D. Ga. 2000), *aff'd*, 2002 WL 3179469 (11th Cir. 2002).

16.   The Court is, of course, not bound by the manner in which the Complaint characterizes the parties, but is duty bound to "look beyond the pleadings and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941); *see also Boland v. State Auto Mut. Ins. Co.*, 144 F. Supp. 2d 1282, 1284 (M.D. Ala. 2001) ("It is the court's responsibility to align the parties according to their interests in litigation and, if interests of a party named as defendant coincide with those of plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as plaintiff for jurisdictional purposes." (citation and internal quotations marks omitted)).  "Litigation is the pursuit of practical ends, not a game of chess.  Whether the necessary collision of interest exists, is therefore not to be determined by mechanical rules.  It must be ascertained from the *principal purpose of the suit and the primary and controlling matter in dispute*." *City of Indianapolis*, 314 U.S. at 69 (emphasis added).

17.   In *Boland v. State Auto. Mut. Ins. Co.*, 144 F. Supp. 2d 1282 (M.D. Ala. 2001), this Court applied the primary purpose test to realign improperly aligned defendants for jurisdictional purposes.   In that case, the plaintiff building owner filed a lawsuit seeking

determination of an insurance coverage dispute against a defendant insurance company and two defendant mortgage holders who were named as loss payees by the insurance policy. *Boland* at 1283-84. Of course, the insurance company filed a Notice of Removal with this Court based on the plaintiff's misalignment of the parties. In granting the removal based on the misalignment of the mortgage holder payees as defendants, this honorable Court applied the primary purpose test stating, "it is clear that [the mortgage holder payees] must be realigned as co-plaintiffs for jurisdictional purposes." *Id.* at 1285. "There is no dispute between [the plaintiff and mortgage holder payees] as to the primary issue in this case, which is whether [the defendant] has an obligation to provide coverage for the damages allegedly repaired by [the plaintiff] . . .." *Id.*

18.    Like the mortgage holder payees in *Boland*, Harris Leveson and Harris Pest and Termite Control have no dispute with the plaintiffs as to insurance coverage. Further, these parties should be aligned with the plaintiffs because both have a possible interest in the insurance policies issued by Royal and Progressive. The obvious "primary and controlling" matter in this case as to Harris Leveson and Harris Pest and Termite control is determination of coverage under these policies of insurance. In fact, none of the actual counts of the Complaint identified by the originally named plaintiffs apply to Harris Leveson or Harris Pest and Termite Control and submit neither of these improperly aligned parties to any possible liability. *See infra* Section B. The originally named plaintiffs have aligned these parties as defendants in this matter for the sole purpose of attempting to destroy the Removing Defendants' right to remove this case to the proper federal court. Therefore, this Court has a duty to realign Harris Leveson and Harris Pest and Termite Control with the originally named Plaintiffs in this matter for jurisdictional purposes and this matter is properly removed to this honorable Court.

**B.    Both Harris Leveson and Harris Pest and Termite Control have been fraudulently joined as nominal parties in this case.**

19.    The presence of Harris Leveson and Harris Pest and Termite Control does not affect diversity jurisdiction because both are true nominal defendants and have been fraudulently joined in this case for the sole purpose of Plaintiff's attempt to defeat the Removing Defendants' ability to remove this case to the proper federal court.   It is well settled law that "diversity jurisdiction 'cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'"   *Bloodsworth v. Smith & Nephew*, No. Civ. A. 2:05CV622-D, 2005 WL 3470337, at *3 (M.D. Ala. Dec. 19, 2005) (quoting *Wilson v. Republic Iron & Steele Co.*, 257 U.S. 92, 97 (1921)).   Further, it is well established that the citizenship of "nominal" or "unnecessary" defendants has no effect on the complete diversity requirement.   *Walden v. Skinner*, 101 U.S. (11 Otto) 577, 588-89 (1879); *Removal Cases*, 100 U.S. (10 Otto) 457, 469-70 (1879); *Wood v. Davis*, 59 U.S. (18 How.) 467, 469 (1855); *Nunn v. Feltinton*, 294 F. 2d 450, 453 & n.4 (5th Cir. 1961); *Hirsch v. Stone*, 62 F.2d 120, 122 (5th Cir. 1932).   *See generally* 13B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 3606, at 409 & n.2d (1984) (collecting cases).

20.    Finally, "[t]he joinder of a resident defendant against whom no cause of action is stated" is a fraudulent joinder that will not defeat "the removal of a case otherwise removable upon the ground of diversity of citizenship."   *Covington v. Indemnity Ins. Co.*, 251 F.2d 930, 934 (5th Cir. 1958) (internal quotation omitted).   *See* 14B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D § 3723 at 631 (1998) ("[A] party will be considered fraudulently joined—and removal will be permitted—when the plaintiff *has not* or cannot state a claim for relief against that individual or entity under the applicable substantive law.") (emphasis added).

21.     Under Eleventh Circuit law, the fraudulent joinder of nominal parties can be established in one of three ways:

> (1) when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse defendant), or (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts, or (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs v. John Crump Toyota, Inc.*, 154 F. 3d 1284, 1287 (11th Cir. 1998).

22.     In Count I of Plaintiffs' Complaint, they assert that the Removing Defendants, referred to as the Insurance Defendants in Plaintiffs' Complaint, entered into contracts with Plaintiffs to provide insurance policies.  Neither Harris Leveson nor Harris Pest and Termite Control were parties to these alleged contracts and neither party has been named as a defendant in this count of the Complaint.[2]  Therefore, under federal law, neither of these parties should be considered by the Court in determining diversity of citizenship and both have been fraudulently joined as nominal defendants in this matter for the sole purpose of attempting to defeat the Removing Defendants' ability to remove this case to the proper federal court.

23.     In Counts II through VI of Plaintiffs' Complaint, they assert various forms of bad faith claims against the Removing Defendants including unreasonable denial of coverage (Count II), unreasonable refusal to pay benefits (Count III), failure to properly investigate insurance claims (Count IV), unreasonable failure to settle the underlying lawsuit (Count V), and breach of

---

[2] Assuming arguendo that Plaintiffs' Complaint contains a breach of contract claim against either Harris Leveson or Harris Pest and Termite Control, there is no reasonable possibility that this claim could be successful against either party.  Under Alabama law, the elements for a breach of contract claim are the existence of a valid enforceable contract between the parties, the terms of the contract, a breach of the contract, and damages resulting from the breach.  *Baxter v. Jones*, 529 So. 2d 317 (Ala. 1988).  Therefore, under Alabama law, there is no reasonable possibility that Plaintiffs can prove a cause of action against Harris Leveson or Harris Pest and Termite Control because neither party entered into any insurance contract with Plaintiffs.  *See, e.g., Ligon Furniture Co., Inc. v. O.M. Hughes Insurance, Inc.*, 551 So. 2d 383 (Ala. 1989) (affirming summary judgment for breach of contract for an insurance adjuster who was not a party to an insurance contract).

duty to fairly deal with insureds (Count VI). Again, Plaintiffs make no allegations against either Harris Leveson or Harris Pest and Termite Control in any of these bad faith counts.[3] Therefore, under federal law, neither of these parties should be considered by the Court in determining diversity of citizenship and both have been fraudulently joined as nominal defendants in this matter for the sole purpose of attempting to defeat the Removing Defendants' ability to remove this case to the proper federal court.[4]

## IV.    All Prerequisites for Removal Have Been Satisfied

24.    As set forth above, this Notice of Removal is timely filed.

25.    Because both Harris Leveson and Harris Pest and Termite Control are improperly aligned and fraudulently joined, their consent to removal is unnecessary and this Court should consider neither party's Alabama citizenship for the purpose of determining diversity jurisdiction.

26.    Pursuant to 28 U.S.C. §§ 81(b)(1) and 1446(a), the United States District Court

---

[3] Again, assuming arguendo that Plaintiffs' Complaint contains bad faith claims against either Harris Leveson or Harris Pest and Termite Control, there is no reasonable possibility that these claims could be successful against either party.  Under Alabama law, the elements of a bad faith claim are the existence of a contract of insurance between the parties, a breach of this insurance contract between the parties, an intentional refusal to pay the claim, and the insurance company's actual knowledge that there was no debatable reason for refusing to pay the claim. *National Security Fire and Casualty v. Bowen*, 417 So. 2d 179 (Ala. 1982). Of course, "proof of the existence of an insurance contract between the parties is a threshold requirement in a bad faith claim . . .." *Aplin v. American Security Ins. Co.*, 568 So. 2d 757, 758 (Ala. 1990). Moreover, proving the existence of a valid insurance contract between the parties is necessary because "[t]he tort of 'bad faith' is not a cognizable cause of action in Alabama, except in the context of a breach of an insurance contract, by a party to that insurance contract . . .." *Ligon Furniture Co. Inc.* 551 So. 2d at 285 (Ala. 1989). Because neither Harris Leveson nor Harris Pest and Termite Control entered into any agreement with Plaintiffs to provide insurance, there is no possibility that Plaintiffs can prove a cause of action for bad faith against either of these parties. Therefore, these parties are fraudulently joined nominal parties and should not be considered by this Court for determining diversity jurisdiction.

[4] The Removing Defendants have appropriately addressed Count VII of Plaintiffs' Complaint for declaratory relief in the previous section of this pleading. *See supra* Section III, Subsection A. As provided, this Court should not consider the citizenship of Harris Leveson or Harris Pest and Termite Control for the purposes of diversity jurisdiction because both have been improperly aligned as defendants by Plaintiffs in the declaratory relief count of

for the Middle District of Alabama, Northern Division is the proper court for removal of this action being the district and division of said Court for the County in which said action is pending.

27.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

28.    If any question arises as to the propriety of the removal of this action, the Removing Defendants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

WHEREFORE, the Removing Defendants, desiring to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, being the district and division of said Court for the County in which said action is pending pray that the filing of this Notice of Removal with this Court and the filing of the Notice of Filing of Notice of Removal with the Clerk of the Court of Montgomery County, Alabama shall effect the removal of said suit to this Court.

DATED this **27th** day of June 2006.

Respectfully submitted,

Charles A. Stewart III (ASB-4955-A56C)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email: cstewart@bradleyarant.com

---

their Complaint. Neither Harris Leveson nor Harris Pest and Termite Control have a dispute with Plaintiffs as to insurance coverage.

Thomas R. Elliott, Jr. (ASB-1499-L74T)
LONDON, YANCEY, & ELLIOTT, L.L.C.
2001 Park Place, Suite 430
Birmingham, Alabama 35203
Telephone: (205) 380-3600
Facsimile: (205) 251-8929
Email: telliott@lyelaw.com

Scott B. Smith (ASB- 3615-T82S)
Bradley Arant Rose & White LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
Telephone: (256) 517-5100
Facsimile: (256) 517-5200
Email: ssmith@bradleyarant.com

Hallman B. Eady (ASB-1093-L75E)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: heady@bradleyarant.com

Attorneys for Progressive Casualty Insurance Co.

John C.S. Pierce (ASB-0347-P67J)
Butler Pappas Weihmuller Katz Craig LLP
1110 Montlimar Drive
Suite 1050
Mobile, AL 36609
Telephone: (251) 338-1326
Facsimile: (251) 338-3805
jpierce@butlerpappas.com

Attorney for Royal Indemnity Company

11

CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing Notice of Removal on:

Peter A. McInish
Lee & McInish
Post Office Box 1665
Dothan, AL 36302

John C.S. Pierce
Butler Pappas Weihmuller Katz Craig LLP
1110 Montlimar Drive
Suite 1050
Mobile, Alabama 36602

Gerald P. Gillespy
Rickey J. McKinney
Jason A. Walters
Burr & Forman, LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203

Ted Taylor
Leah O. Taylor
Taylor & Taylor
2130 Highland Avenue
Birmingham, AL 35205

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this __27__ day of June, 2006.

OF COUNSEL