**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

2006 JUN 27  P 4: 51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | | |
|---|---|---|
| PEOPLESSOUTH BANK, LARRY PITCHFORD and JERRY GULLEDGE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PROGRESSIVE CASUALTY INSURANCE COMPANY; ROYAL INDEMNITY COMPANY, as successor in interest to GLOBE INDEMNITY COMPANY; HARRIS LEVESON; and HARRIS PEST AND TERMITE CONTROL, | ) ) ) ) ) ) ) ) ) | Civil Action No.: 2:06CV578- |
| Defendants. | ) | |

**ANSWER**

DEFENDANT, Progressive Casualty Insurance Company ("Progressive") for Answer to

the Complaint filed by Plaintiff, Peoplessouth Bank ("Bank"), Larry Pitchford ("Pitchford") and

Jerry Gulledge ("Gulledge") states:

**I. PARTIES**

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Admitted.

## II. FACTS

8.    Progressive is without knowledge or information sufficient to form a belief as to the truth of the matters set out in this paragraph.

9.    Progressive issued only one policy: Policy Number 10026768-01 ("Policy"), to the bank which provided directors and officers coverage, as limited by the terms, conditions and exclusions contained therein, for the period March 26, 2003 to March 26, 2004.  The Policy provided coverage for certain wrongful acts for which Pitchford and Gulledge were legally liable to pay under the Policy.  It provided no liability coverage for liability of the Bank, the Bank's coverage being limited to amounts for which the Bank agreed to pay or is legally permitted or required by law to indemnify Pitchford and/or Gulledge for wrongful acts.   The Policy specifically states that the Policy was written on a "No Duty to Defend Basis" eliminating any duty for Progressive to defend Gulledge, Pitchford or the Bank.  All other allegations in this paragraph are denied.

10.    Admitted that Exhibit A ("Complaint") was filed in the Circuit Court of Barbour County on February 20, 2004. The Complaint otherwise speaks for itself.

11.    Admitted that the Complaint was forwarded to Progressive.  Progressive was not required under its Policy to defend Pitchford or Gulledge.  Progressive acknowledged notice of the filing of Exhibit A and reserved its rights as provided under its policy.  The Complaint, which named the Bank as a Defendant, also alleged wrongful acts of other Bank employees who were not named in the Complaint, but for whom the Bank would be liable under the doctrine of *respondeat superior*.  The Complaint was defended by Plaintiffs.  All other allegations in this paragraph are denied.

12.    Denied as written.    Under the Policy, settlement was the responsibility of Plaintiffs and any settlement negotiated by Plaintiffs was to be submitted to Progressive for its consent.    Settlement discussions took place, but no settlement by Plaintiffs was submitted to Progressive as required under the Policy.

13.    Admitted that Exhibit B ("Judgment") was entered.    Denied that the amounts awarded in the "Judgment" are covered under Progressive's policy.    The remaining allegations of this paragraph are denied.

14.    Admitted that final judgment in the garnishment proceeding ("Garnishment Judgment") against Progressive was entered.    The Garnishment Judgment is currently on appeal to the Supreme Court of Alabama.    The remaining allegations of this paragraph are denied.

15.    Denied.

16.    Denied.

## COUNT I

17.    Progressive adopts its response to Paragraphs 1 through 16 which are adopted by reference in this paragraph.

18.    Admitted that the Policy provided insurance coverage as set out in said Policy.

19.    Admitted that Pitchford and Gulledge were insureds under the Policy as specifically provided therein.    Progressive is without knowledge or information sufficient to form a belief as to the truthfulness to the allegation that Pitchford and Gulledge were third party beneficiaries under said contracts of insurance.

20.    Denied.

21.    Denied.

22.    Denied.

Progressive denies that Plaintiff is entitled to any damages as claimed in the last unnumbered paragraph of Count I.

## COUNT II

23.    Progressive adopts its response to Paragraphs 1 through 22 which are adopted by reference in this paragraph.

24.    Denied.

25.    Denied.

26.    Denied.

Progressive denies that Plaintiff is entitled to any damages as claimed in the last unnumbered paragraph of Count II.

## COUNT III

27.    Progressive adopts its response to Paragraphs 1 through 26 which are adopted by reference in this paragraph.

28.    Denied.

29.    Denied.

30.    Denied.

Progressive denies that Plaintiff is entitled to any damages as claimed in the last unnumbered paragraph of Count III.

## COUNT IV

31.    Progressive adopts its response to Paragraphs 1 through 30 which are adopted by reference in this paragraph.

32.    Denied.

33.    Denied.

Progressive denies that Plaintiff is entitled to any damages as claimed in the last unnumbered paragraph of Count IV.

## COUNT V

34.    Progressive adopts its response to Paragraphs 1 through 33 which are adopted by reference in this paragraph.

35.    Denied.

36.    Denied.

37.    Denied.

Progressive denies that Plaintiff is entitled to any damages as claimed in the last unnumbered paragraph of Count V.

## COUNT VI

38.    Progressive adopts its response to Paragraphs 1 through 37 which are adopted by reference in this paragraph.

39.    Progressive provided insurance coverage to Gulledge and Pitchford under its Policyas specifically provided therein.  Progressive denies owing any other duty to Plaintiffs except as provided in its Policy.

40.    Denied.

41.    Denied.

Progressive denies that Plaintiff is entitled to any damages as claimed in the last unnumbered paragraph of Count VI.

## COUNT VII

42.    Progressive adopts its response to Paragraphs 1 through 41 which are adopted by reference in this paragraph.

43.    Admitted that Plaintiffs seek declaratory relief in this action but Progressive denies that Plaintiffs are entitled to any such relief in this action.

44.    See response to Number 43 above.

45.    Denied.

46.    Denied.

47.    Denied.

Progressive denies that Plaintiff is entitled to any damages as claimed in the last unnumbered paragraph of Count VII.

## FIRST DEFENSE

Progressive instituted a declaratory judgment action in this Court styled *Progressive Casualty Insurance Company v. Peoples Community Bank, et al.* for a determination of the insurance coverage issues alleged by the Plaintiffs in this matter. On June 27, 2006, this Court dismissed without prejudice this matter based in part on the abstention doctrine. Since the time that Progressive filed the declaratory judgment action, however, the Plaintiffs, who opposed the federal declaratory judgment action based on the abstention doctrine, instituted the current action in the Circuit Court of Barbour County, Alabama. Therefore, the Plaintiffs' arguments based on the abstention doctrine no longer support dismissal of the previously filed declaratory judgment action and this action is due to be dismissed or abated by the previously filed declaratory judgment action. Progressive has filed a Motion for Reconsideration with the Court as to the declaratory judgment action based on this position.

## SECOND DEFENSE

This action involves an improper joinder of defendants. There is no duplication of coverage under the policies written by Progressive and Royal/SunAlliance in this action. Progressive's policy excludes personal injury and property damage. The Royal/SunAlliance policy insures only for personal injury and property damage. Both Progressive and Royal/SunAlliance have filed separate declaratory judgment actions in Federal Court[1]. It may be appropriate for the cases to be consolidated for the purposes of discovery, but this action is due to be dismissed and Plaintiffs required to file their claims against Progressive in Case Number: 2:05-cv-1064-MEF.

## THIRD DEFENSE

The Complaint, and each Count thereof, separately and severally, fail to state a claim upon which relief can be granted against Progressive.

## FOURTH DEFENSE

Progressive denies the allegations of the Complaint, except as specifically admitted above, and pleads the general issue to all Counts of the Complaint.

## FIFTH DEFENSE

The Policy provides in "**SECTION VI - DEFENSE COSTS**":

> The **Insured Persons** and the **Company** shall not admit liability for or settle any **Claim,** or incur any **Defense Costs** for any **Claim,** without the **Insurer's** prior written consent, which shall not be

---

[1] *Progressive Casualty Insurance Company v. Peoples Community Bank, et al.*, U.S. District Court for the Middle District of Alabama, Northern Division, Case No.: 2:05-cv-1064-MEF. As previously indicated, this previously filed declaratory judgment action has been prematurely dismissed without prejudice by this Court and is due to be reinstated. *Royal Indemnity Company, et al. v. Peoples Community Bank, et al.*, U.S. District Court for the Middle District of Alabama, Northern Division, Case No.: 2:05-cv-1127-B.

unreasonably withheld.  The **Insurer** shall be entitled to full information and all particulars it may request in order to reach a decision as to such consent.

Policy, page 6 of 11.

The Policy further provides in Section VI as a part of paragraph "B" captioned

"**ADVANCEMENT OF DEFENSE COSTS**":

"As a condition precedent to coverage under the **Policy**, the **Company** and the **Insured Persons** shall provide the **Insurer** with such information, assistance and cooperation as the **Insurer** may reasonably request."

Policy, page 6 of 11.

On June 8, 2006, the Circuit Court of Barbour County entered an Order in which it determined that Plaintiffs had entered into a settlement agreement with the Leveson Plaintiffs which waived Plaintiffs' right to appeal the $3.5 million award contained in the Judgment.  A copy of this Order from the Circuit Court of Barbour County is attached hereto as Exhibit "A". Plaintiffs failed to present said settlement to Progressive for its consent as provided in the Policy and otherwise failed to notify Progressive of any agreement to waive its right to appeal, and said failure additionally violates the aforementioned cooperation clause.

Plaintiffs, by failing to obtain Progressive's consent to settlement and by failing to provide information to Progressive relating to said settlement, have breached a condition precedent to coverage under Progressive's Policy.

## SIXTH DEFENSE

No coverage is provided under the Policy for punitive damages.  The Policy, by Endorsement, Form No. 2844 (6/99) FDIC No. 21292, amends the definition of loss contained in the Policy to provide:

Notwithstanding any other provision of the **Policy** the definition of **Loss** shall not include punitive or exemplary damages or the multiple portion of any multiplied damage award."

Under the foregoing Endorsement, the Policy provides no coverage for punitive damages.

## SEVENTH DEFENSE

Progressive's Policy specifically provides that it has no duty to defend (settle) as alleged by Plaintiffs and this so called duty provides the basis for their claims in this action. The Declaration Page of the Policy, in the first paragraph states:

"**NOTE:        THIS POLICY AND ALL OF ITS ENDORSEMENTS PROVIDE CLAIMS MADE COVERAGE.    READ THEM CAREFULLY.** Amounts incurred as **Defense Costs** shall reduce the Limit of Liability and shall also be applied against the Retention. This **Policy** and the Endorsements do not provide for any duty by the **Insurer** to defend those insured under this **Policy**." (*Emphasis added.*)

The Policy at 1 of 11, in the first paragraph states:

"**THIS IS A CLAIMS MADE POLICY WRITTEN ON A NO DUTY TO DEFEND BASIS.    DEFENSE COSTS ARE INCLUDED WITHIN THE LIMIT OF LIABILITY. AMOUNTS INCURRED AS DEFENSE COSTS WILL REDUCE THE LIMIT OF LIABILITY AVAILABLE TO PAY JUDGMENTS OR SETTLEMENTS.    PLEASE READ YOUR POLICY CAREFULLY.**" (*Emphasis added.*)

In "**SECTION VI - DEFENSE COSTS**", page 6 of 11, the Policy states:

"A.     **NO DUTY TO DEFEND** - It shall be the duty of the **Insured Persons** and the **Company** and not the duty of the **Insurer** to defend **Claims**, provided that the **Insured Persons** and the **Company** shall only retain counsel that is mutually agreed upon with the **Insurer**. (*Emphasis added.*)

The **Insured Persons** and the **Company** shall not admit liability for or settle any **Claim**, or incur any **Defense Costs** for any **Claim**, without the

**Insurer's** prior written consent, which shall not be unreasonably withheld.   The **Insurer** shall be entitled to full information and all particulars it may request in order to reach a decision as to such consent."

All claims in this action based on bad faith, failure to investigate, failure to settle or failure to defend are not legally cognizable because Plaintiffs, and not Progressive, had the duty to investigate, defend and settle under the terms of the Policy.

## EIGHTH DEFENSE

The amounts awarded in the Judgment, separately and severally, are not covered under Progressive's policy or were specifically excluded therein.   Moreover, most of the damages awarded do not involve the insured defendants, Pitchford and/or Gulledge.   Most involve other employees of the Bank.   By way of example, Pitchford and Gulledge were not liable for the Bank's negligence/wantonness in hiring or in failing to adequately train, monitor and/or supervise any of the Bank's employees.   Additional exclusions in Progressive's policy are set out in the following Defenses.

## NINTH DEFENSE

The Policy contains the following exclusion, pertinent to Progressive's liability under its Policy.

## SECTION IV - EXCLUSIONS

A.    **Bodily Injury and Property Damage Exclusion** - The **Insurer** shall not be liable to make any payment for **Loss** in connection with any **Claim** for actual bodily injury, sickness, disease, or death of any person, damage to or destruction of any tangible property including loss of use thereof, wrongful entry, eviction, false arrest, false imprisonment, malicious prosecution, assault, battery, mental anguish, emotional distress, loss of consortium, invasion of privacy, defamation, false light, libel, or slander; . . .

Policy, pages 3 and 4 of 11.

The Judgment award contains damages that are excluded under the foregoing provision.

## TENTH DEFENSE

The Policy contains the following exclusions, pertinent to Progressive's liability under its

Policy:

> D.    **Fraud Exclusion** - The **Insurer** shall not be liable to make any payment for **Loss**, other than **Defense Costs**, in connection with any **Claim** arising out of or in any way involving a <u>fraudulent, dishonest</u> or criminal act or willful violation of any civil or criminal statute, regulation or law by any **Insured Person**; however, this Exclusion shall apply only if a judgment or other final adjudication establishes such a fraudulent, dishonest, or criminal act or willful violation of any statute, regulation or law. (*Emphasis added.*)

Policy, page 4 of 11.

The Judgment award was based on an adjudication of fraud and other dishonest acts and

all damages awarded are excluded under the foregoing provision.

## ELEVENTH DEFENSE

> E.    **Illegal Profit Exclusion** - The **Insurer** shall not be liable to make any payment for **Loss**, other than **Defense Costs**, in connection with any **Claim** arising out of or in any way involving any **Insured Person** gaining any profit, remuneration, or financial advantage to which the **Insured Person** was not legally entitled; however, this Exclusion shall apply only if a judgment or other final adjudication establishes that the **Insured Person** was not legally entitled to such profit, remuneration or financial advantage."

The Judgment award contains damages that are excluded under the foregoing provisions.

## TWELFTH DEFENSE

The Policy contains the following provision with regard to other insurance or

indemnification:

> "This policy shall not be subject to the terms of any other insurance. The **Loss**, including **Defense Costs**, payable under this

**Policy** shall be excess to, and paid only after all available payments under made under:

> (1) other existing insurance including, but not limited to, any insurance under which there is a duty to defend; and
>
> (2) indemnification to which an **Insured Person** or the **Company** is entitled from any entity other than the **Company**."

Policy, page 11 of 11.

Plaintiffs allege in the Complaint that other coverage is applicable, including defense costs, under a policy issued by Royal/SunAlliance. If there is any coverage under such policy, Progressive pleads its rights under the foregoing provision.

## THIRTEENTH DEFENSE

Progressive's Policy contains provisions with regard to the allocation for payment of losses and defense costs according to specific language provided therein. If there are both covered and uncovered losses under Progressive's Policy, Progressive pleads that they should be allocated as provided in Progressive's Policy. Policy, paragraph B., <u>ALLOCATION</u>, Page 9 of 11.

## FOURTEENTH DEFENSE

Progressive avers that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiffs.

## FIFTEENTH DEFENSE

Progressive avers that any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to Progressive under the Constitution of the State of Alabama.

## SIXTEENTH DEFENSE

Progressive avers that any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to Progressive under the Constitution of the United States of America.

## SEVENTEENTH DEFENSE

Progressive avers that any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to Progressive under the due process clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama Law is vague, is not based upon any objective standards, is in fact, standardless, and is not rationally related to legitimate government interests.

## EIGHTEENTH DEFENSE

Progressive avers that any award of punitive damages to Plaintiffs in this case will be violative of the procedural safeguards provided to Progressive under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Progressive is entitled to the same procedural safeguards afforded to criminal defendants.

## NINETEENTH DEFENSE

It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against Progressive punitive damages, which are penal in nature, yet compel Progressive to disclose potential incriminating documents and evidence.

## TWENTIETH DEFENSE

Plaintiffs' claims of punitive damages violates Article I, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

    A.    It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which

are penal in nature, against civil defendants upon the plaintiff satisfying a burden of proof which is less than a "beyond a reasonable doubt" burden of proof required in criminal cases;

B.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

C.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

D.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, this, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution; and

E.    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the due process clause of the

Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

A.    It is a violation of the due process clause to impose punitive damages, which are penal in nature upon civil defendants upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

B.    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

C.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate governmental interests;

D.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

E.    The award of the punitive damages in this action constitutes a deprivation of property without due process of law; and

F.    It is a violation of the due process clause to impose punitive damages against this defendant which are penal in nature, yet compels this defendant to disclose potentially incriminating documents and evidence.

## TWENTY-SECOND DEFENSE

The award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-THIRD DEFENSE

The award of punitive damages against Progressive in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

## TWENTY-FOURTH DEFENSE

The award of punitive damages against Progressive in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, U.S.Ala., 1996, and the Alabama Supreme Court in BMW v. Gore, Ms. 1920324 (Ala. May 9, 1997) on the following grounds:

A.    It is a violation of Progressive's rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

B.    It is a violation of due process to subject Progressive to punitive damages without providing Progressive fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed; and

C.      It is a violation of Progressive's rights to due process to impose punitive damages

which are grossly excessive.


## TWENTY-FIFTH DEFENSE

Progressive reserves the right to amend this Answer to assert different or additional

defenses as discovery proceeds and up until any deadline established by the Court for such

amendment.


Respectfully submitted,

_____
Charles A. Stewart III (ASB-4955-A56C)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email:  cstewart@bradleyarant.com

Thomas R. Elliott, Jr. (ASB-1499-L74T)
LONDON, YANCEY, & ELLIOTT, L.L.C.
2001 Park Place, Suite 430
Birmingham, Alabama 35203
Telephone: (205) 380-3600
Facsimile: (205) 251-8929
Email:  telliott@lyelaw.com

Scott B. Smith (ASB- 3615-T82S)
Bradley Arant Rose & White LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
Telephone: (256) 517-5100
Facsimile: (256) 517-5200
Email:  ssmith@bradleyarant.com

Hallman B. Eady (ASB-1093-L75E)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: heady@bradleyarant.com

Attorneys for Progressive Casualty Insurance Co.

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing Answer on:

Peter A. McInish
Lee & McInish
Post Office Box 1665
Dothan, AL 36302

John C.S. Pierce
Butler Pappas Weihmuller Katz Craig LLP
1110 Montlimar Drive
Suite 1050
Mobile, Alabama 36602

Gerald P. Gillespy
Rickey J. McKinney
Jason A. Walters
Burr & Forman, LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203

Ted Taylor
Leah O. Taylor
Taylor & Taylor
2130 Highland Avenue
Birmingham, AL 35205

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this __27__ day of June, 2006.

OF COUNSEL