IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PEOPLESSOUTH BANK, LARRY PITCHFORD, and JERRY GULLEDGE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, INC.; ROYAL INDEMNITY COMPANY, as successor in interest to GLOBE INDEMNITY COMPANY; HARRIS LEVESON; and HARRIS PEST AND TERMITE CONTROL, INC., | ) ) ) ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO.
2:06cv578-MEF-VPM

**PLAINTIFFS' MOTION TO REMAND**

**COME NOW** the Plaintiffs, PeoplesSouth Bank ("the Bank"), Larry Pitchford ("Pitchford"), and Jerry Gulledge ("Gulledge"), by and through their undersigned counsel, and hereby move the Court to remand this case to the Circuit Court of Barbour County, Alabama. In support of this motion, Plaintiffs submit their Brief in Support of the Motion to Remand, which is filed contemporaneously herewith, and state the following:

1. Plaintiffs filed suit against defendants in the Circuit Court of Barbour County, Alabama on or about May 31, 2005. (Complaint, Exh. 1 to Doc. 1). Plaintiffs seek, in their own name, a declaratory judgment that defendants Progressive Casualty Insurance Company, Inc. ("Progressive") and Royal Indemnity Company ("Royal") (collectively "the Insurers") are obligated to provide Plaintiffs with insurance coverage. Plaintiffs also assert claims for breach of contract and bad faith.

1485735

2.  Plaintiffs' suit is preceded by several other actions involving the same parties: (1) Harris Leveson and Harris Pest and Termite Control, Inc.'s (collectively "Leveson") suit against the Bank, Pitchford, and Gulledge ("the State Court Case")[1]; (2) Leveson's garnishment proceedings from the State Court Case against the Insurers, in which judgments against the Insurers have been entered and have been appealed to the Alabama Supreme Court; and (3) the Insurers' federal court coverage actions[2] against Leveson, the Bank, Pitchford, and Gulledge, which were dismissed by this Court under *Brillhart*[3] abstention principles.

3.  On June 27, 2006, the Insurers filed a Notice of Removal of this state court coverage action to the federal court, based upon the premise that the inclusion of all parties from the underlying State Court Case was somehow "fraudulent." (Doc. 1). The Insurers are asking this Court to determine the issue of coverage which is already pending in the state court and is on appeal to the Alabama Supreme Court.

4.  This suit should be remanded to the Circuit Court of Barbour County, Alabama for several reasons.

5.  First, Leveson (the non-diverse party) was not fraudulently joined because he had to be named as a defendant under Alabama Code § 6-6-227. In fact, the Insurers named Leveson as a party in their own federal coverage actions. Therefore, the Insurers have not met their burden of proving fraudulent joinder by clear and convincing evidence. *Henderson v. Washington Nat'l Ins. Co.*, --- F.3d ---, 2006 WL 1867353 at *4 (11th Cir. July 7, 2006).

---

[1] Judgment was reached in this suit against the Bank, Pitchford, and Gulledge on October 7, 2005 and the case is currently on appeal to the Alabama Supreme Court.

[2] Royal's suit was filed in this Court under Case No. 2:05cv1127, and Progressive's suit was filed in this Court under Case No. 2:05cv1064.

[3] *See Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90, (1995); and *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005).

Because there has been no fraudulent joinder in this case, complete diversity does not exist and this Court does not have jurisdiction over the case pursuant to 28 U.S.C. § 1332.

6.   Second, the Insurers' request to "realign" Leveson with the Bank and its officers as plaintiffs against the Insurers should be denied. To do so would make Leveson the plaintiff in two cases, which is clearly in violation of the law and policy of Alabama's abatement statute. ALA. CODE. § 6-5-440.

7.   Third, in the event the Court finds jurisdiction, which it should not, it should nonetheless remand the case based upon *Brillhart* abstention principles, which the Court has already found to apply in dismissing the Insurers' federal court coverage actions in deference to the pending State Court Case. *See Chapman v. Clarendon Nat'l Ins. Co.*, 299 F. Supp. 2d 559 (E.D. Va. 2004). The same discretionary standard for abstention applies here because the heart of the action before the Court is insurance coverage, and the remaining bad faith/contract claims are dependent on a finding of coverage. *See Lexington Ins. Co. v. Rolison*, --- F. Supp. 2d ---, 2006 WL 1594151 at *12 (S.D. Ala. May 17, 2006); *Industries, Inc. v. Pacific Employers Ins. Co.*, 427 F. Supp. 2d 552, 553 (E.D. Pa. 2006).

**WHEREFORE**, premises considered, the Court should grant Plaintiffs' Motion to Remand.

**DATED: July 26, 2006.**

| | |
|---|---|
| s/Jason A. Walters<br>Gerald P. Gillespy (GILLG3726)<br>Ricky J. McKinney (MCK030)<br>Jason A. Walters (WALT8747)<br>BURR & FORMAN LLP<br>3100 Wachovia Tower<br>420 North 20th Street<br>Birmingham, Alabama 35203<br>Telephone: (205) 251-3000<br><br>James D. Farmer<br>FARMER, FARMER & MALONE, P.A.<br>112 West Troy Street<br>Post Office Drawer 668<br>Dothan, Alabama 36302<br>Telephone: (205) 794-8596<br><br>ATTORNEYS FOR PLAINTIFFS PEOPLESSOUTH BANK AND LARRY PITCHFORD | s/Peter A. McInish<br>Peter A. McInish<br>LEE & MCINISH<br>Post Office Box 1665<br>Dothan, Alabama 36302<br>Telephone: (334) 792-4156<br><br>ATTORNEY FOR PLAINTIFF JERRY GULLEDGE |

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will serve notification of such filing to the following:

| | |
|---|---|
| John C. S. Pierce, Esq.<br>jpierce@butlerpappas.com<br><br>Hallman B. Eady, Esq.<br>heady@bradleyarant.com<br><br>Charles A. Stewart, III, Esq.<br>cstewart@bradleyarant.com<br><br>Scott B. Smith, Esq.<br>ssmith@bradleyarant.com | Thomas R. Elliott, Jr., Esq.<br>telliott@lyelaw.com<br><br>E. Ted Taylor, Esq.<br>taylorlaw9@aol.com<br><br>Leah O. Taylor, Esq.<br>lotaylor@taylorlawyers.com |

s/Jason A. Walters
OF COUNSEL