IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PEOPLESSOUTH BANK, LARRY PITCHFORD, and JERRY GULLEDGE, <br><br> Plaintiffs, <br> v. <br><br> PROGRESSIVE CASUALTY INSURANCE COMPANY, INC.; ROYAL INDEMNITY COMPANY, as successor in interest to GLOBE INDEMNITY COMPANY; HARRIS LEVESON; and HARRIS PEST AND TERMITE CONTROL, INC., <br><br> Defendants. | CIVIL ACTION NO. <br> 2:06cv578-MEF-VPM |

### PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO REMAND

**COME NOW** the Plaintiffs, PeoplesSouth Bank ("the Bank"), Larry Pitchford ("Pitchford"), and Jerry Gulledge ("Gulledge"), by and through their undersigned counsel, and hereby submit their Brief in Support of Motion to Remand. As grounds therefor, Plaintiffs state the following:

### I. INTRODUCTION

This case is an action among the same parties and concerning the same core issue of insurance coverage as addressed in a prior filed garnishment proceeding against the Insurers in Alabama state court. In response to the garnishment proceeding filed by the underlying plaintiffs in state court, the Insurers filed two coverage actions in federal court, naming the same parties as in the state court action, and requesting this Court to find no coverage under the policies. Thereafter, the state court entered a judgment against the Insurers under the garnishment statute,

1483142 v4

which they have appealed to the Alabama Supreme Court on grounds of alleged procedural deficiencies.

This Court properly granted a motion to abstain or dismiss the federal court coverage actions instituted by the Insurers based upon *Brillhart* abstention principles[1] because of the pendency of the state court action. Due to the procedural nature of the state court garnishment action instituted by the underlying plaintiffs, the Bank, Pitchford, and Gulledge filed a coverage and bad faith claim in their own right, naming the exact same parties named in the garnishment action (and in the federal court coverage actions). The insurers have removed the state court coverage action, based upon "fraudulent joinder," again asking the Court to exercise federal jurisdiction and enter an order different from the state court on insurance coverage. There has been no fraudulent joinder. And, in any event, the Court should remand the case based upon the same abstention principles the Court applied when abstaining from the two federal court coverage actions. Simply put, two courts should not be deciding the same issue of coverage. Therefore, the Court should reject the Insurers' arguments, and remand this action to state court where issues of coverage are already pending.

## II. PROCEDURAL HISTORY

### A.    The Original State Court Case.

On February 20, 2004, Harris Leveson and his business, Harris Pest and Termite Control, Inc. (collectively "Leveson"), filed an action against the Bank, Pitchford, and Gulledge[2] in the Circuit Court of Barbour County, Alabama. The case was styled *Harris Leveson, et al. v. Peoples Community Bank, Inc.*, et al., Case No. CV-04-67 (the "State Court Case"). Judge L.

---

[1] *See Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90, (1995); and *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005).

[2] Plaintiffs note that Pitchford is still an officer of the Bank, while Gulledge is not. However, both Pitchford and Gulledge were officers at all times relevant to the *Leveson* suit.

Bernard Smithart tried the State Court Case non-jury for three days beginning on August 22, 2005. He signed and entered a final judgment against the Bank, Pitchford, and Gulledge on October 7, 2005, awarding $2,500,000 in compensatory damages and $1,000,000 in punitive damages to Leveson (the "Underlying State Court Judgment"). That judgment has resulted in a series of state court appeals, the most recent of which was filed on June 14, 2006, and these appeals remain pending before the Alabama Supreme Court.[3]

### B. The State Court Garnishment Against The Insurers.

On October 7, 2005, the underlying plaintiffs in the State Court Case, Leveson, instituted a direct action under the State's garnishment statute to recover payment for the Underlying State Court Judgment from the two insurance companies (Royal and Progressive, collectively "the Insurers") which provided insurance coverage to the Bank, Pitchford and Gulledge.[4] (Royal Case, Doc. 12, Exh. A; Progressive Case, Doc. 7, Exh. 1).[5]

After service of the garnishment proceeding, Royal did not answer, but instead filed a Motion to Dismiss the Process of Garnishment on November 18, 2005. (Royal Case, Doc. 12,

---

[3] The Bank and Pitchford filed their first appeal with the Alabama Supreme Court over the State Court Case judgment on January 20, 2006. Leveson responded by arguing that the parties had agreed that Leveson would waive the right to a jury trial if the Bank and its officers would waive their right to appeal ("the agreement"). The Alabama Supreme Court remanded the case to the state court to consider the motion to enforce agreement on March 14, 2006. The state court granted Leveson's motion to enforce the agreement on June 8, 2006, and the Bank and Pitchford appealed that decision on June 14, 2006.

[4] Two insurance policies are at issue here. First, the Bank had an insurance policy with Royal Indemnity Company ("Royal"). Second, Progressive Casualty Insurance Company, Inc. ("Progressive") had issued a "claims made" Directors and Officers (D&O) Liability Policy to the Bank. Early on, Royal denied coverage for the State Court Case. Progressive initially admitted that some of the claims in the State Court Case would be covered by the Progressive Policy, but then refused coverage. Prior to the trial in Barbour County, Leveson demanded that the Bank and its officers settle the State Court Case within policy limits, and these parties in turn demanded settlement of the case by payment of the coverage limits. However, the Insurers never authorized the settlement of the case within applicable policy limits.

[5] Royal's suit was filed in this Court under Case No. 2:05cv1127 and is referred to herein as "Royal Case." Progressive's suit was filed in this Court under Case No. 2:05cv1064 and is referred to herein as "Progressive Case."

Exh. C). Similarly, after service of the State Court garnishment proceeding, Progressive filed a Motion to Dismiss the Process of Garnishment on November 4, 2005.

On November 22, 2005, Judge Smithart signed and entered two conditional judgments in the garnishment proceedings against Royal and Progressive. (Royal Case, Doc. 12, Exh. D; Progressive Case, Doc. 7, Exh. 4).

On December 12, 2005 and December 22, 2005, respectively, Progressive and Royal filed Motions to Alter, Amend or Vacate the conditional judgments. (Royal Case, Doc. 12, Exh. E; Progressive Case, Doc. 18, Exh. C).

On December 28, 2005, Judge Smithart entered final judgments against Royal and Progressive in the garnishment proceedings. (Royal Case, Doc. 12, Exh. F; Progressive Case, Doc. 18, Exh. D) (the "State Court Garnishment Judgments"). Progressive filed a notice of appeal to the Alabama Supreme Court on January 24, 2006, and Royal filed its notice of appeal on February 7, 2006. (Progressive Case, Doc. 18, Exh. A). Both appeals remain pending.

C.  **Progressive's Federal Court Coverage Action.**

After being served with the garnishment in the State Court Case, Progressive filed an action on November 3, 2005 in federal court seeking a declaration of no coverage under the insurance policies issued to the Bank, Pitchford and Gulledge. (Progressive Case, Doc. 1). Progressive named as parties the same parties which were named in the underlying State Court Case, i.e., Leveson, the Bank, Pitchford, and Gulledge.

On December 5, 2005, the Bank and its officers filed in the federal court coverage action a Motion to Dismiss or, in the Alternative, Motion to Abstain. (Progressive Case, Doc. 7). That motion requested that the Court abstain from exercising jurisdiction under *Brillhart* and its progeny, and that the action was abated under Alabama's abatement statute codified in ALA.

CODE § 6-5-400 (1975).[6] The argument was that the issue of insurance coverage was already pending in the State Court Case as a result of Leveson's garnishment action. (Indeed, judgments against the Insurers were ultimately entered in the State Court Case and the Insurers have now appealed those judgments to the Alabama Supreme Court). Progressive responded to the Motions to Dismiss on January 31, 2006. (Progressive Case, Doc. 18).

On June 27, 2006, this Court issued its Memorandum Opinion and Order, finding "Defendants' arguments to be persuasive and well taken and that the applicable [*Brillhart*] factors balance in favor of dismissal of this action." (Progressive Case, Doc. 28). Clearly then, the insurance issue was to be adjudicated in the state court.

### D. Royal's Federal Court Coverage Action.

Like Progressive, after being served with the garnishment in the State Court Case, Royal filed an action (on November 28, 2005) in federal court seeking a declaration of no coverage under the insurance policies issued to the Bank, Pitchford and Gulledge. (Royal Case, Doc. 1). Royal named as parties the same parties which were named in the underlying State Court Case, i.e., Leveson, the Bank, Pitchford, and Gulledge. The Bank filed the same motion to abstain or dismiss the Royal action as filed in the Progressive action. (Royal Case, Docs. 10-12). Royal responded to the motions to dismiss on January 13, 2006. (Royal Case, Doc. 14). On June 27, 2006, the Court issued its Memorandum Opinion and Order, finding "Defendants' arguments to be persuasive and well taken and that the applicable [*Brillhart*] factors balance in favor of dismissal of this action." (Doc. 29, p. 2). Again, the insurance issue was to be adjudicated in the state court.

---

[6] Leveson also filed a Motion to Dismiss Progressive's federal court coverage action on similar grounds. (Progressive Case, Docs. 11-12).

E.   **The State Court Coverage Action.**

Consistent with their arguments made in the motions to abstain filed in the federal court coverage actions, the Bank, Pitchford and Gulledge sought, in their own name, to adjudicate the coverage action in state court. Because the prior judgment against the Insurers was entered in the context of a garnishment proceeding instituted by Leveson (which the Insurers have appealed as procedurally deficient), the Bank, Pitchford and Gulledge instituted a suit in their own names in the same state court on May 31, 2006 to preserve their coverage and bad faith claims directly. The suit asserts claims against the Insurers for declaratory relief, breach of contract and bad faith. (Complaint, Exh. 1 to Doc. 1). At the heart of each claim is the issue of whether insurance coverage exists.

On June 27, 2006, the Insurers filed a Notice of Removal of this state court coverage action to the federal court, based upon the premise that the inclusion of all parties from the underlying State Court Case was somehow "fraudulent."[7] (Doc. 1). Plaintiffs hereby move the Court to remand this case to the Circuit Court of Barbour County, Alabama.

### III. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511

---

[7] On June 29, 2006, the Insurers also filed motions in the federal court coverage actions for the Court to reconsider or set aside the prior orders which granted the motions to abstain in favor of the state court deciding the coverage issues. (Royal Case, Doc. 32; Progressive Case, Doc. 30). These motions are based on the Notice of Removal and the argument that the Bank, Pitchford and Gulledge "waived" their right to argue abstention by asking the state court to decide the coverage issues. Plaintiffs submitted their responses to the Motions to Reconsider on July 21, 2006, highlighting the consistency between the state court action and the motion to abstain. (Royal Case, Doc. 35; Progressive Case, Doc. 34).

U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095. Furthermore, 28 U.S.C. § 1447(d) provides that an "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

## IV. ARGUMENT

### A. Leveson Was Not Fraudulently Joined.

On June 27, 2006, the Insurers removed this state court coverage action to this Court on the basis of diversity jurisdiction, arguing that Leveson (the non-diverse party) was "fraudulently joined." (Doc. 1, p. 7-9). The burden on the removing party to prove fraudulent joinder is a "heavy one." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). To satisfy their heavy burden of proving fraudulent joinder, the Insurers must show either "(1) there is no possibility that plaintiff can establish a cause of action against the resident defendant; or (2) that plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* (quoting *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)).

The law is clear that, "**if there is even a possibility** that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983)) (emphasis added). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Id.* Stated another way, "[w]here a plaintiff states even a colorable claim against a resident defendant, joinder of that defendant is

not fraudulent and the case should be remanded to state court." *Pacheco De Perez v. AT&T Co.*, 139 F.2d 1368, 1380 (11th Cir. 1998).

The Eleventh Circuit recently reiterated that a federal court may deny a motion to remand "only if the defendants have proven by clear and convincing evidence, that there is 'no possibility' that [Plaintiffs] 'can establish a cause of action against the resident defendant.'" *Henderson v. Washington Nat'l Ins. Co.*, --- F.3d ---, 2006 WL 1867353 at *4 (11th Cir. July 7, 2006) (remanding case).

Here, the Bank and its officers have moved for declaratory relief under Rule 57 of the Alabama Rules of Civil Procedure and §§ 6-6-220 through 6-6-232 of the Alabama Code. (Complaint, Exh. 1 to Doc. 1). Alabama Code § 6-6-227 requires that **all parties** who claim an interest that would be affected by the declaration be made a party to the suit. The naming of Leveson as a party was both proper and necessary. And the Insurers cannot disagree, for they too named Leveson as a party to their federal court coverage actions which they filed after the state court garnishment proceedings were instituted. The addition here of the same party cannot, therefore, be fraudulent joinder.

Because there has been no fraudulent joinder in this case, complete diversity does not exist. Without diversity, this Court does not have jurisdiction over the case pursuant to 28 U.S.C. § 1332 and the case was not properly removable under 28 U.S.C. § 1441. For the foregoing reasons, this case must be remanded to the Circuit Court of Barbour County, Alabama.

B. **Alabama's Abatement Statute Prohibits The Realignment Of Leveson As A Plaintiff.**

The Insurers next argue, in the alternative, that the Court should "realign" Leveson with the Bank and its officers as plaintiffs against the Insurers. (Doc. 1). To do so would make

Leveson the plaintiff in two cases, which is clearly in violation of the law and policy of Alabama's abatement statute. Section 6-5-440 of the Alabama Code states as follows:

> No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and **the pendency of the former is a good defense to the latter if commenced at different times.**

ALA. CODE § 6-5-440 (1975) (emphasis added). The phrase "courts of this state" includes all federal courts located in Alabama. *Ex parte The Univ. of S. Ala. Found.*, 788 So. 2d 161, 164 (Ala. 2000).

Leveson is already the plaintiff in the State Court Case and is also the plaintiff in the garnishment proceedings filed in that case against the Insurers. If Leveson is realigned as a plaintiff here, the Court would nonetheless be compelled to remand the case due to the abatement statute. The Court, therefore, should reject the Insurers' arguments and remand the case to state court.

C.   **In The Alternative, The Court Should Decline Jurisdiction And Remand The Case To Barbour County.**

In the event the Court finds jurisdiction, which it should not, it should nonetheless remand the case upon *Brillhart* and *Ameritas* abstention principles, which the Court has already found to apply to this situation in the June 27, 2006 Memorandum Opinions and Orders in which the Court dismissed the two prior federal coverage cases. The law is well-settled that a federal court may remand a removed case based on abstention principles. *See Chapman v. Clarendon Nat'l Ins. Co.*, 299 F. Supp. 2d 559 (E.D. Va. 2004) (remanding removed action to state court based on *Wilton* and Fourth Circuit progeny of same); *Beach Cove Associates v. U.S. Fire Ins. Co.*, 903 F. Supp. 959 (D.S.C. 1995) (remanding removed action to state court based on *Brillhart*); *see generally* 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL

PRACTICE AND PROCEDURE § 3739 (3d 2006) ("The abstention doctrine is not premised on a lack of subject matter jurisdiction or procedural defects in the removal, but rather on concerns about comity and deference to state judicial power").

This Court's discretion to abstain and therefore remand under *Brillhart*, *Wilton*, and *Ameritas* extends over the entire removed case because the "heart of the action" in each claim is the issue of insurance coverage. This case is quite similar to *Lexington Ins. Co. v. Rolison*, where the district court for the Southern District of Alabama recently abstained from exercising jurisdiction over an insurer's declaratory judgment action and the insured's counterclaims for breach of contract and bad faith refusal to settle. --- F. Supp. 2d ----, 2006 WL 1594151 (S.D. Ala. May 17, 2006). In *Rolison*, the court looked to the "heart of the action" and determined that *Wilton's* discretionary standard for abstention applied because the "'outcome of the coercive claims hinges on the outcome of the declaratory ones.'" *Id.* at *5 (quoting *ITT Industries, Inc. v. Pacific Employers Ins. Co.*, 427 F. Supp. 2d 552, 553 (E.D. Pa. 2006). In making this decision, the court noted that,

> If peripheral monetary claims could deprive district courts of the discretion granted them by the Declaratory Judgment Act to hear or not to hear what are fundamentally declaratory judgment actions, then **such claims would render federal courts virtually powerless** (save for the rare case in which *Colorado River*[8] abstention is warranted) **to avert wasteful, duplicative declaratory litigation on exclusively state law issues in federal court** running alongside parallel state litigation on the same issues, with concomitant disruption to the time-honored values of federalism, comity and efficiency.

*Rolison*, at *6 (emphasis added); *see also ITT*, 427 F. Supp. 2d at 553 (finding that while amended complaint contained claims for bad faith and breach of contract, in addition to declaratory judgment, cutting through "rhetorical fog" of pleadings illustrated that essence of dispute was scope of insurance coverage, and that bad faith/contract claims depended on

---

[8] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

declaratory claims). After determining that *Wilton's* discretionary standard applied, the *Rolison* court applied the *Ameritas* factors and dismissed the action pursuant to "*Wilton/Brillhart* abstention." *Rolison*, at *12.

As in *Rolison,* the *Wilton* discretionary standard applies here because the essence of the dispute before the Court is insurance coverage and the remaining bad faith/contract claims are dependent on a finding of coverage. *Id.*; *ITT,* 427 F. Supp. 2d at 553. As this Court previously found when dismissing the federal court coverage actions, the abstention argument under the facts of this case "is persuasive and well taken," and the weight of the nine *Ameritas* factors "balance in favor" of a remand of an action concerning insurance coverage to the state court where that issue is already pending. (Progressive Case, Doc. 28; Royal Case, Doc. 29). Remanding this case to state court will uphold the considerations of federalism, efficiency, and comity and be consistent with this Court's prior dismissal of the Insurers' federal court coverage actions. (*Id.*). Therefore, as an alternative basis for the motion to remand, Plaintiffs request that the Court decline jurisdiction and remand the case to the Circuit Court of Barbour County.

## V. CONCLUSION

Based on the foregoing, the Court should grant Plaintiffs' Motion to Remand.

**DATED: July 26, 2006.**

s/Jason A. Walters
Gerald P. Gillespy (GILLG3726)
Ricky J. McKinney (MCK030)
Jason A. Walters (WALT8747)
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000

James D. Farmer
FARMER, FARMER & MALONE, P.A.
112 West Troy Street
Post Office Drawer 668
Dothan, Alabama 36302
Telephone: (205) 794-8596

ATTORNEYS FOR PLAINTIFFS PEOPLESSOUTH BANK AND LARRY PITCHFORD

s/Peter A. McInish
Peter A. McInish
LEE & MCINISH
Post Office Box 1665
Dothan, Alabama 36302
Telephone: (334) 792-4156

ATTORNEY FOR PLAINTIFF JERRY GULLEDGE

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will serve notification of such filing to the following:

John C. S. Pierce, Esq.
jpierce@butlerpappas.com

Hallman B. Eady, Esq.
heady@bradleyarant.com

Charles A. Stewart, III, Esq.
cstewart@bradleyarant.com

Scott B. Smith, Esq.
ssmith@bradleyarant.com

Thomas R. Elliott, Jr., Esq.
telliott@lyelaw.com

E. Ted Taylor, Esq.
taylorlaw9@aol.com

Leah O. Taylor, Esq.
lotaylor@taylorlawyers.com

s/Jason A. Walters
OF COUNSEL