IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PEOPLESSOUTH BANK, LARRY PITCHFORD, and JERRY GULLEDGE, <br><br>  Plaintiffs, <br><br> v. <br><br> PROGRESSIVE CASUALTY INSURANCE COMPANY, INC.; ROYAL INDEMNITY COMPANY, as successor in interest to GLOBE INDEMNITY COMPANY; HARRIS LEVESON; and HARRIS PEST AND TERMITE CONTROL, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br><br> Civil Action No. <br> 2:06cv578-MEF-VPM |

### DEFENDANT ROYAL INDEMNITY COMPANY'S
### RESPONSE TO PLAINTIFFS' MOTION TO REMAND

COMES NOW the Defendant, Royal Indemnity Company, (hereinafter "Royal"), by and through undersigned counsel, and in response to Plaintiffs' Motion to remand would show unto the Court as follows:

### I. Introduction

The Plaintiff's Motion to Remand this case to the Barbour County Circuit Court is predicated on a misrepresentation of the facts and a misapplication of the law to the true facts of the matter. Plaintiffs' state in their Brief in Support of Motion to Remand that "this case is an action among the *same parties* and concerning the same core issues of insurance coverage as addressed in a prior filed garnishment proceeding against the Insurers in Alabama state court." (See Plaintiff's Brief in Support of Motion to remand at page 1 (under heading "Introduction"). This assertion is manifestly

1

incorrect and confuses the true issues presently before the Court.

The garnishment proceedings in Barbour County State Court were filed on October 7, 2005, by Harris Leveson and Harris Pest and Termite Control (hereinafter collectively "Leveson) to recover payment for the judgment entered against Peoples Community Bank, Larry Pitchford, and Jerry Gulledge in the earlier case styled <u>Harris Leveson, et al. v. Peoples Community Bank, Inc., et al.</u>, Case No. CV-04-67. However, that action was filed against Progressive Casualty Insurance Company, Inc. and **Royal and Sun Alliance Insurance Agency.** Despite notice of the error, Leveson failed to correct their pleadings, and to date **Royal Indemnity Company** has never been made a party to the garnishment action pending in state court.[1] Plaintiffs clearly state in their Brief in Support of Motion to Remand at footnote 4 that the insurance policy providing coverage to the Plaintiffs was provided by Royal Indemnity Company.

Royal Indemnity Company filed its initial action in this Court on November 28, 2005, seeking declaratory relief that no coverage was afforded to the Plaintiffs under the Royal Indemnity Company policy. Plaintiffs moved to dismiss that declaratory judgment action again on the incorrect premise that the parties to the declaratory judgment were the **same parties** before the court in the underlying garnishment action. Plaintiffs then moved this Court to abstain from hearing the declaratory judgment action in misplaced reliance on <u>Brillhart v. Excess Ins. Co. Of America</u>, 316 U.S. 491 (1942) and <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277 (1995). However, neither of these cases is

---

[1] Royal has previously given notice to this Court that Royal Indemnity Company is not and has never been a party to the state court garnishment action in its Motion to Reconsider or Set Aside Dismissal of its Declaratory Judgment Action pending before this Court in Case No. 2:05cv1127.

applicable to the present situation, where no pending, parallel state court proceedings exist.

## II. Argument

### 1. Alabama Code § 6-6-227 does not require Leveson to be made a party to this suit.

Plaintiffs argue that Alabama Code § 6-6-227 requires that all parties who claim an interest in a declaratory judgment action **must** be made a party to the suit. In <u>Ex Parte Burford Equipment Co.</u>, the Supreme Court of Alabama held that:

> "Code 1975, § 6-6-220 et seq. Provides for declaratory judgment actions. Section 6-6-227 states that "All persons shall be made parties who have, or claim, any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." It is not fatal to the action if an interested person is omitted, because the statute protects such a person's interest from prejudice. *If* the person is a necessary party, the court must require the joinder of the person."

474 So.2d 682, 683 (1985), citing, <u>Board of Trustees of Employees' Retirement System v. Talley</u>, 244 So.2d 791 (1971)(Emphasis added). The declaratory judgment at issue in this case seeks a determination of the rights, responsibilities, and obligations of the Plaintiffs and Royal under the Royal Indemnity insurance policy. Leveson is not a party to the insurance contract and as such is not a necessary party to this determination. The Plaintiffs cannot, therefore, use the Alabama declaratory judgment statute as a means of defeating proper diversity jurisdiction in this case.

3

2.  **<u>Plaintiffs' claims for breach of contract and bad faith against Royal are compulsory counterclaims in Royal's Declaratory Judgment action before this Court and Plaintiffs are barred from asserting same in state court</u>**

Plaintiffs seek to defeat proper diversity jurisdiction in this case in reliance on the Alabama abatement statute, Ala. Code, 1975, § 6-5-440. However, since Plaintiffs' claims for breach of contract and bad faith are compulsory counterclaims in Royal's declaratory judgment action before this Court, Case No. 2:05cv1127-F, § 6-5-440 actually argues in favor of denying Plaintiffs' Motion to Remand.

On November 28, 2005, Royal filed an action for declaratory judgment and other relief in this Court pursuant to 28 U.S.C.A. §2201, to declare the rights, obligations and liabilities of the parties involved in this ligation with respect to the policy mentioned above. At issue in that case is whether there is coverage under the terms and conditions of the policy for the claims made against Peoples Community Bank by Leveson.

Plaintiffs filed the instant action on May 26, 2006 in Barbour County Circuit Court while the declaratory judgment action remained pending before this Court. The Plaintiffs allege that the claims asserted by Leveson are covered under the Bank's policies with Royal and Progressive. This issue, coverage, or lack thereof, under the policies is the very same issue currently being litigated in Case No. 2:05cv1127-F, by the very same parties.

Plaintiffs' claims for bad faith and breach of contract are compulsory counterclaims in Case No. 2:05cv1127-F, and as such, must be brought, if at all, in that declaratory judgment action

4

Rule 13(a), Ala. R. Civ. P., and Rule 13(a), Fed.R.Civ.P. provides:

> "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

The purpose of Rule 13 is "to avoid circuity of actions and to enable the court to settle all related claims in one action and thereby avoid a wasteful multiplicity of litigation on claims that arose from a single transaction or occurrence." Grow Group, Inc. v. Industrial Corrosion Control, Inc., 601 So.2d 934, 936 (Ala. 1992).

The drafters of Rule 13, Ala. R. Civ. P., intended to adopt the "logical-relationship" test for determining whether a counterclaim is compulsory. Cincinnati Insurance Companies v. Bargeron, 806 So.2d 376, 379-380 (Ala. 2001). "A counterclaim is compulsory if there is any logical relation of any sort between the original claim and the counterclaim." Id. at 380, citing, Committee Comments on 1973 adoption of Rule 13, ¶ 6. Under the logical-relationship standard, a counterclaim is compulsory if "(1) its trial in the original action would avoid a substantial duplication of effort or (2) the original claim and the counterclaim arose out of the same aggregate core of operative facts. Ex parte Canal Ins. Co., 534 So.2d 582, 584 (Ala. 1988) (quoting Brooks v. Peoples Nat'l Bank of Huntsville, 414 So.2d 917, 919 (Ala. 1982). In determining whether the claims "arose out of the same aggregate core of operative facts," [a court] must determine whether "(1) the facts taken as a whole serve as the basis for both claims or (2) the sum total of facts upon which the original claim rests creates legal rights in a party which would otherwise remain dormant." Bargeron, 806 So.2d at 380, citing, Canal Ins., 534 So.2d at

5

584.

To like effect, the United States Court of Appeals for the Eleventh Circuit has also adopted a logical-relationship test. A logical relationship exists "when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." Republic Health Corp. v. Lifemark Hosps. of Florida, Inc., 755 F.2d 1453, 1455 (11th Cir. 1985). The Eleventh Circuit has also stated that "a determination of whether a counterclaim is compulsory is not discretionary; rather, such a determination is made as a matter of law. Id. at 1454. See also Owens v. Blue Tee Corp., 177 F.R.D. 673, 680 (M.D.Ala. 1998).

Finally, to effect the purpose of Rule 13, ***"the consequence for failing to assert a compulsory counterclaim is a bar against the assertion of that claim in any other action."*** Bargeron, 806 So.2d at 379 (Emphasis added), citing, Brooks, 414 So.2d at 920; Blue Tee, 177 F.R.D. at 682.

In Bargeron, supra, the Supreme Court of Alabama, following the analysis above, dismissed an insured's counterclaims in a state court action where those claims could have been asserted in a prior federal declaratory judgment action brought by the insurer to determine the rights and obligations between the parties. 806 So.2d 376 (Ala. 2001). The Court stated that "insofar as Bargeron's claims relate to the matters at issue in the federal declaratory-judgment action and depend on the homeowner's policy, they are now barred - they were compulsory counterclaims that should have been asserted in the federal declaratory judgment action." Id. at 381.

All of the claims brought by the Plaintiffs in this action against Royal, based on breach of the insurance contract and/or bad faith failure to defend, pay benefits, investigate claims, and refusing to settle, arise out of the same aggregate core of operative facts as those in Case No. 2:05cv1127-F and are therefore compulsory counterclaims in that action. Since the Plaintiffs failed to assert these compulsory counterclaims in that action, they are barred from raising these claims here.

Plaintiffs claims, as initially asserted in the Barbour County Circuit Court, violate the provisions of Alabama Code, 1975 § 6-5-440. That section, entitled "Simultaneous actions for same cause against same party prohibited" reads as follows:

> "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."

The obvious intent of this statute is to forbid a party from prosecuting his claims in two courts simultaneously. See Ex parte Canal Ins. Co., 534 So.2d 582, 584 (Ala. 1988). It is not controverted that "courts of this state" as used in this section includes a United States district court within the state. Id., citing, Terrell v. City of Bessemer, 406 So.2d 337 (Ala. 1981).

The Alabama Supreme Court has held that "the obligation imposed on a defendant under Rule 13(a), Ala.R.Civ.P., to assert compulsory counterclaims, when read in conjunction with § 6-5-440, Ala.Code 1975, which prohibits a party from prosecuting two actions for the same cause and against the same party, is tantamount to making the defendant with a compulsory counterclaim in the first action a 'plaintiff' in

7

that action (for purposes of § 6-5-440) as of the time of its commencement. Thus, ***the defendant subject to the counterclaim rule who commences another action has violated the prohibition in § 6-5-440 against maintaining two actions for the same cause.***" Ex parte The University of South Alabama Foundation, 788 So.2d 161, 164 (Ala. 2000) (Emphasis added), citing, Ex parte Breman Lake View Resort, L.P., 729 So.2d 849 (Ala. 1999). Section 6-5-440 prevents the Plaintiffs from maintaining their claims for bad faith and breach of contract in the Barbour County Circuit Court, and therefore remand of this case to state court would be improper.

### 3. Brillhart abstention principles are inapplicable in this case because there is no pending, parallel state court proceeding

The declaratory judgment action filed by Royal Indemnity, and currently pending as Case No. 2:05cv1127-F before this Court, is the only case on record that seeks to determine the rights, responsibilities, and obligations of Plaintiffs and Royal under the Royal Indemnity insurance contract. As of the date of this Response to plaintiff's Motion to Remand, Royal is not a party to the state court garnishment action.

In Agora Syndicate, Inc. v. Robinson Janitorial Services, Inc., the janitorial service's insurer brought an action seeking declaratory judgment that actions of the service's employee resulting in the death of a building tenant were not covered under the service's policy and that the insurer had no duty to defend the service. 149 F.3d 371 (5th Cir. 1998). The United States District court for the Northern District of Mississippi dismissed the declaratory judgment action in deference to the underlying wrongful death action. Id. The Court of Appeals reversed, ruling that state and federal

proceedings were not parallel and judicial economy weighed in favor of declaratory ruling. 149 F.3d at 371.

The Court first discussed Wilton, 515 U.S. at 283, and the discretion afforded federal district courts to abstain from entertaining a declaratory judgment action in deference to parallel state court proceedings. 149 F.3d at 372. The Court distinguished the facts of this case, however, because unlike the insurer in Wilton, the insurer here was not a party to the state court suit against Robinson Janitorial. 149 F.3d at 373. The Court stated that "this is not what the Supreme Court meant in Wilton by use of the term 'parallel state proceedings,' for there is no identity of parties or issues in the state and federal court suits." Id.

The facts of the case presently before this Court are analogous to those in Agora. Royal is not a party to the state court garnishment action, was never a party to the initial state court liability suit, and a declaratory action is pending in this court to determine the obligations of Plaintiffs and Royal under the insurance contract. These facts taken together with concerns of judicial economy weigh heavily in favor of, and not against, a declaratory ruling by this Court.

4. **The Eleventh Circuit has not adopted the Brillhart or Wilton abstention principles under the facts of this case, where the declaratory judgment is accompanied by a request for coercive relief.**

In Mega Life and Health Insurance Company v. Tordion, 399 F.Supp.2d 1366 (2005), the United States District Court for the Southern District of Florida found that the principles espoused in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) applied to a suit seeking declaratory

9

relief as well as the coercive relief of recission. The Court stated that "the stricter requirements embodied in Colorado River, must be satisfied in order for a federal district court to dismiss a suit seeking declaratory relief and recission in light of a parallel state court case. 399 F.Supp.2d at 1370, citing, Kelly Inv. Inc. v. Continental Common Corp., 315 F.3d 494, 497 n. 4 (5th Cir. 2002). See also, Southwind Aviation, Inc. v. Bergen Aviation, Inc., 23 F.3d 948 (5th Cir. 1994) (When actions involve coercive relief the trial court must apply the standards enunciated by the Court in Colorado River); Village of Westfield v. Welch's, 170 F.3d 116, 124, n. 5 (2nd Cir. 1999) (Wilton's discretionary standard only applies where the federal action seeks purely declaratory relief).

Under the Colorado River doctrine, when a party seeks coercive relief in addition to declaratory relief, federal courts have a virtually "unflagging obligation . . . to exercise the jurisdiction given them" and should only abstain in "exceptional circumstances." 399 F.3d at 1370, quoting, Colorado River, 424 U.S. at 813, 817, 96 S.Ct. 1236.

Furthermore, a federal district court should consider the following factors in deciding whether to dismiss a suit on abstention grounds under Colorado River: (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal or state law will be applied; and (6) the adequacy of each forum to protect the parties' rights. Id., citing, Ambrosia Coal and Construction Co. v. Morales, 368 F.3d 1320, 1331 (11th Cir. 2004). When applying these factors, one must bear in mind that the "abstention inquiry must be heavily weighed in favor of the exercise of jurisdiction." 339 F.3d at 1370, quoting, Ambrosia,

369 F.3d at 1332.

Royal does not believe that any pending, parallel state court proceeding exists in the present case, but assuming arguendo that a pending parallel proceeding did exist, abstention should be governed by the principles set forth in <u>Colorado River</u> and <u>Ambrosia</u>, supra, as Plaintiffs seek coercive relief in the form of their bad faith and breach of contract claims against Royal Indemnity. Plaintiffs cannot meet the "exceptional circumstances" standard needed for abstention under <u>Colorado River.</u>

## II. Conclusion

Plaintiffs' reliance on Alabama Code §§ 6-6-227 and 6-5-440 to defeat proper diversity jurisdiction is misplaced. The claims made by Plaintiffs for breach of contract and bad faith are compulsory counterclaims in the declaratory judgment action presently before this suit in Case No. 2:05cv1127-F and are therefore barred from consideration in the state court by Ala. Code, 1975 § 6-5-440. There is no pending, parallel state court proceeding involving Royal Indemnity or the issue of coverage provided to Plaintiffs under the Royal Indemnity insurance policy., and therefore the abstention principles of <u>Brillhart</u> and <u>Wilton</u> do not apply. If the Court finds parallel, pending proceedings, the abstention analysis of <u>Colorado River</u> applies and Plaintiffs cannot meet the "exceptional circumstances" standard required for abstention. For all of the above reasons, Plaintiffs' Motion to remand is due to be denied.

Respectfully submitted,

11

/s/ John C.S. Pierce
JOHN C.S. PIERCE (PIERJ0347)
Attorney for Royal Indemnity Company,
as successor in interest to Globe
Indemnity Company

OF COUNSEL:
BUTLER PAPPAS WEIHMULLER
KATZ CRAIG LLP
Post Office Box 16328
Mobile, AL 36616
(251) 338-3801 - telephone
(251) 338-3805 - facsimile

## CERTIFICATE OF SERVICE

 I do hereby certify that I have on this 10th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/EMF system which will serve notification of such filing to the following.

Charles A. Stewart, III, Esq.
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Ste. 780
Montgomery, AL 36104

Thomas R. Elliott, Jr., Esq.
London, Yancey & Elliott, L.L.C.
2001 Park Place, Ste. 430
Birmingham, AL 35203

Scott B. Smith, Esq.
Bradley Arant Rose & White LLP
200 Clinton Avenue West, Ste. 900
Huntsville, AL 35801-4900

Hallman B. Eady, Esq.
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104

Peter A. McInish, Esq.
Lee & McInish
Post Office Box 1665
Dothan, AL 36302

Harris Leveson
151 Warren Road
Midway, AL 36053

Harris Pest and Termite Control
c/o Mr. Harris Leveson
151 Warren Road
Midway, AL 36053

Jason A. Walters, Es.
Burr & Forman LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203

James Farmer
Farmer, Farmer & Malone, P.A.
P.O. Drawer 668
Dothan, AL 36302

Ted Taylor, Esq.
Leah O. Taylor, Esq.
Taylor & Taylor
2130 Highland Ave.
Birmingham, AL 35205

            <u>/s/ John C.S. Pierce</u>

13