IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PEOPLESSOUTH BANK, LARRY PITCHFORD, and JERRY GULLEDGE | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) CIVIL ACTION NUMBER: 2:06-CV-00578-MEF |
| PROGRESSIVE CASUALTY INSURANCE COMPANY; ROYAL INDEMNITY COMPANY, as successor in interest to LEVESON; and HARRIS PEST CONTROL AND TERMITE CONTROL, INC | ) ) ) ) ) ) |
| Defendants. | ) ) |

PROGRESSIVE CASUALTY INSURANCE COMPANY'S
RESPONSE TO PLAINTIFFS' MOTION TO REMAND

**Progressive Casualty Insurance Company** ("Progressive") responds to the Motion to Remand filed in this matter by Plaintiffs PeoplesSouth Bank, Larry Pitchford, and Jerry Gulledge (collectively referred to herein as "the Bank"), and in further support of the Joint Notice of Removal filed by Progressive and Royal Indemnity Company ("Royal") (collectively referred to as "the Removing Defendants"), offers the following.

**I. Introduction**

This action was filed by the Bank against Progressive, Royal, and Harris Leveson and Harris Pest & Termite Control, Inc. (Harris Leveson and Harris Pest & Termite Control, Inc. are referred to hereafter as "the Leveson Defendants") in the Circuit Court of Barbour County, Alabama ("State Court Case"). The State Court Case is erroneously and improperly captioned a "Bill for Declaratory Judgment." This is not true. In fact, it is a claim for damages by the Bank

1

for breach of contract and bad faith. There are no independent rights of any of the parties to be declared.

Progressive and Royal removed the case to this Court because the Leveson Defendants, as non-diverse defendants, were fraudulently joined as defendants **AND** because those defendants should be realigned as party plaintiffs. In its Motion to Remand, the Bank has offered no valid justification for the Court to remand the case.

II.   **The Removing Defendants properly removed this case and the Bank has failed to provide any basis on which this Court should remand this case to state court.**

   A.   **Complete diversity exists between the properly named and aligned parties.**

Complete diversity exists between the properly named and aligned parties. First, this Court should disregard the Leveson Defendants in determining complete diversity because those defendants were fraudulently joined. The Bank has no possible cause of action against the Leveson Defendants for breach of contract, bad faith, or in its so-called count for declaratory judgment. Second, the alleged declaratory judgment count requires the Court to properly align the Leveson Defendants as party plaintiffs because there in no case or controversy between them and the Bank.[1] Both parties have an interest in obtaining insurance proceeds from the Removing Defendants.

The Leveson Defendants were fraudulently joined in this action. In Count I of the Bank's Complaint, the plaintiffs assert that the Removing Defendants breached insurance contracts

---

[1] In the Bank's Motion to Remand, it cites C*rowe v. Coleman*, 113 F. 3d 1536, 1538 (11th Cir. 1997) holding that the burden on the removing party to prove fraudulent joinder is a "heavy one." This case is easily distinguished from the present case. Unlike the plaintiffs in *Crowe*, the Bank has failed to plead any valid claim against Leveson under any set of conceivable facts. The only count in the Bank's complaint that even names Leveson as defendants is Count VII for declaratory relief. As provided in the Removing Defendants' Joint Notice of Removal, Leveson should be realigned as Party Plaintiffs for purposes of determining diversity jurisdiction. Thus, the Eleventh Circuit's holding in *Crowe* does not apply to increase the Removing Defendants' burden to remove the case to the proper federal court based on the necessary realignment of parties.

2

entered into with the Bank. In Count I, the plaintiffs do not even attempt to state a claim against the Leveson Defendants and those defendants are not named within the Count. In Counts II through VI of the Bank's Complaint, the plaintiffs assert various forms of bad faith claims against the Removing Defendants. In Counts II through VI, the plaintiffs do not even attempt to state claims against the Leveson Defendants and these defendants are not named within those counts.

The Bank's Complaint evidences that "there is no possibility that plaintiff can establish a cause of action against the resident defendant." *Crowe v. Coleman*, 113 F. 3d 1536, 1538 (11th Cir. 1997). The Bank has utterly failed to plead a cause of action against the Leveson Defendants and none exists under any conceivable set of facts under Alabama law. The Leveson Defendants are only nominal defendants, that is, defendants in name only, and as such they are *per se* fraudulently joined. This Court should not consider them for the purposes of diversity. *See, e.g., Bloodsworth v. Smith & Nephew*, No. Civ. A. 2:05CV622-D, 2005 WL 3470337, at *3 (M.D. Ala. Dec. 19, 2005) (quoting *Wilson v. Republic Iron & Steele Co.*, 257 U.S. 92, 97 (1921)); *Walden v. Skinner*, 101 U.S. (11 Otto) 577, 588-89 (1879); *Removal Cases*, 100 U.S. (10 Otto) 457, 469-70 (1879); *Wood v. Davis*, 59 U.S. (18 How.) 467, 469 (1855); *Nunn v. Feltinton*, 294 F. 2d 450, 453 & n.4 (5th Cir. 1961); *Hirsch v. Stone*, 62 F.2d 120, 122 (5th Cir. 1932). *See generally* 13B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 3606, at 409 & n.2d (1984) (collecting cases). Complete diversity exists between the properly named parties to the Bank's Complaint and this removal is proper.

Even if the Court determines that the Bank's declaratory judgment action requires the inclusion of the Leveson Defendants as interested parties to the insurance coverage determination, the so-called declaratory judgment count requires the Court to realign the

Leveson Defendants as party plaintiffs. The Leveson Defendants' only rights are those of judgment creditors under Ala. Code § 27-23-2 (1975). They do not seek a declaration of their rights. They have a judgment and seek the money. There is no dispute between the Bank and the Leveson Defendants. Each contends that the Removing Defendants have an obligation to provide insurance coverage for the damages allegedly caused by the Bank.

Both the Bank and the Leveson Defendants' interests are aligned because they seek money damages from the Removing Defendants. The Leveson Defendants may be interested parties; however, they are not adverse to the Bank for purposes of seeking any payments owed by the Removing Defendants to the Leveson Defendants. The United States District Court for the Middle District of Alabama's holding in *Boland v. State Auto. Mut. Ins. Co.*, 144 F. Supp. 2d 1282 (M.D. Ala. 2001), clearly supports the realignment of the parties based on the primary purpose test. Tellingly, the Bank has no answer to the Removing Defendants' realignment argument.

Contrary to the Bank's position, Alabama Code § 6-6-227 does not require that the Leveson Defendants be included as defendants in the State Court Case. The Bank argues that "Leveson (the non-diverse party) was not fraudulently joined because he had to be <u>named as a defendant</u> under Alabama Code § 6-6-227." (emphasis added).[2] That provision states "[a]ll persons <u>shall be made parties</u> who have, or claim, any interest which would be affected by the declaration, and no declaration shall prejudice the rights of a person not parties to the proceeding . . .." ALA. CODE § 6-6-227 (1975) (emphasis added). It does not mandate that the person be named as a defendant, only that the person be named as a party. There is no conceivable

---

[2] This Code section applies to Declaratory Judgments. It is not applicable here. This is an action for damages.

interpretation of Alabama Code § 6-6-227 that would require the Bank to name the Leveson Defendants as defendants in its improperly filed state court action.

The Leveson Defendants are not necessary parties to the State Court Case. The Alabama Supreme Court has interpreted the phrase "shall be made parties" to mean "may be made parties" because Alabama Code § 6-6-227 states that "no declaration shall prejudice the rights of a person not parties to the proceeding . . ." Thus, it is within the Court's discretion, not the Bank's discretion, to require the inclusion of interested parties in a Declaratory Judgment action assuming arguendo that this is a Declaratory Judgment action. *Board of Trustees of Employees Retirement System v. Talley,* 291 Ala. 307, 280 So.2d 553 (1973).

The Bank's failure to state a claim against the Leveson Defendants conclusively establishes that they have been "fraudulently joined" as defendants in this action. Further, the Leveson Defendants' only possible interests in the outcome of this case are aligned with the Bank's interests. Consequently, the Court should not consider the Leveson Defendants for the purposes of determining diversity jurisdiction.

**B.     Alabama's abatement statute is not a proper consideration in determining the sufficiency of the removal and does not prohibit the realignment of the Leveson Defendants as Party Plaintiffs.**

In its Motion to Remand, the Bank argues that realigning the Leveson Defendants with the Bank, "is clearly in violation of the law and policy of Alabama's abatement statute Ala. Code Section 6-5-440." Alabama's abatement statute has no bearing on this Court's proper alignment of the interested parties in this case for the purpose of determining diversity jurisdiction. First, Alabama's abatement statute is an improper consideration for remand under 28 U.S.C. § 1447. Second, the State Court Case is not the same cause of action pleaded by the Leveson Defendants

5

against the Bank, and Alabama's abatement statute does not apply.[3]  Finally, the Bank has taken inconsistent positions regarding abatement and abstention for the purposes of defeating the Removing Defendants' rights to removal.

A federal court may remand a case to state court only on the grounds provided in 28 U.S.C. § 1447.  *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 342 (1976).  The grounds for remand provided by 28 U.S.C. § 1447 are "(1) lack of subject matter jurisdiction and (2) procedural defect in the removal of the case."  *Id.* at 343; *Russell Corp. v. American Home Assurance Co.*, 264 F. 3d 1040, 1043 (11th Cir. 2001); *Robinson v. Fikes of Alabama, Inc.*, 804 F. Sup. 277, 284 (M.D. Ala. 1992).  A federal court may not consider abatement in determining the adequacy of removal because abatement is not a ground listed in 28 U.S.C. § 1447.  The issue of abatement has nothing to do with subject matter jurisdiction or the lack thereof.  Nor can the issue of abatement constitute a procedural defect in the removal of the case.  The Bank does not identify a single case where a federal court remanded an otherwise properly removed case based on abatement.

Further, even if abatement is a proper consideration on this motion, the instant action would not be abated by the State Court Case.  The Leveson Defendants filed a previous lawsuit against the Bank and an ancillary garnishment proceeding against the Removing Defendants.  Neither of those lawsuits encompass the same causes of action pled by the Bank here, for breach of insurance contracts or bad faith.  The previous state court action, to which the Bank asks this Court to defer, contains only a limited process of garnishment by the Leveson Defendants as judgment creditors under Section 27-23-2, and thus would have no *res judicata* effect on the

---

[3] Additionally, this Court may not consider the issue of abatement.  Only the defendant has the discretion to file a motion to dismiss based on a prior pending action.  If a defendant chooses not to file a motion to dismiss based on abatement prior to filing its answer, the issue of abatement is waived by the defendant and cannot be pleaded by the party who filed the subsequent case.  *See, e.g.*, *Chappell v. Boykin*, 127 So. 2d 636 (Ala. Civ. App. 1960); *Ex parte Dunlap*, 96 So. 441 (Ala. 1923).

6

present proceeding, as is required for abatement. *See, e.g.*, *Sessions v. Jack Cole Co.*, 158 So. 2d 652 (Ala. 1963); *Herrington v. City of Eufala*, 55 So. 2d 758 (Ala. 1951); *H.L. Raburn & Co. v. Massey-Draughon Business College*, 388 So. 2d 1225 (Ala. Civ. App. 1980). Because the present cause of action and the State Court Case do not contain the same causes of action, there is no possibility for abatement as provided by Alabama Code § 6-5-440, and this Court should not consider it in determining the adequacy of the removal. *See, e.g.*, *Ford v. Brown*, 9 So. 2d 906, 908 (Ala. 1942); *Ex parte Barclay-Hays Lumber Co.*, 101 So. 179 (Ala. 1924); *Herrington v. City of Eufala*, 55 So. 2d 758, 760 (Ala. Civ. App. 1951).

      Finally, the Bank, after seeking dismissal or abstention of Progressive's Declaratory Judgment action in this Court on account of a parallel garnishment action in the Circuit Court of Barbour County, has filed this removed action in that same Court and now seeks to defeat removal by alleging that the garnishment action should abate its own action. This is totally inconsistent. The Bank, by filing this action, should be estopped to raise abatement as a ground for remand or for any other reason.[4] Moreover, the Alabama procedural rules for entertaining two actions involving the same parties and issues does not bind the Federal Courts. *See, e.g., Kline v. Burke Constr. Co.*, 260 U.S. 226 (1922) ("The rule, therefore, has become generally established that where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded.")

---

[4] Although this Court should not consider Alabama's abatement statute in determining the adequacy of the removal, any consideration of this statute would weigh in favor of abating the State Court Case. *See, e.g., Ex parte Parson & Whittemore Alabama Pine Construction Corporation*, 658 So. 2d 414, 418 (Ala. 1995) (holding that a previously filed declaratory judgment action abated a later filed damages action that would have constituted a compulsory counterclaim under Alabama Rule of Civil Procedure 13(a) and its "logical relationship" test).

  **C.** **This Court has no basis on which to decline jurisdiction and remand the case to the Circuit Court of Barbour County.**

  In its Motion to Remand, the Bank requests the Court to remand this case to state court based upon the *Brillhart* and *Ameritas* abstention principles.[5] These principles do not apply to the present case. Unlike a simple claim for declaratory judgment seeking equitable relief, the Bank asserts claims for actual damages for breach of contract and bad faith in its Complaint against the Removing Defendants. "[F]ederal courts have the power to dismiss or remand cases based on abstention principles <u>only where the relief being sought is equitable or otherwise discretionary</u>." *Quackenbush v. Allstate Insurance Company*, 517 U.S. 706, 731 (1996) (holding that a district court's remand order was an unwarranted application of abstention) (emphasis added). Here, though, the Bank seeks actual damages from the Removing Defendants – not "equitable or discretionary" relief. Abstention cannot, in any event, support remand.

  The Bank argues that this Court has already applied abstention principles to the present situation in its June 27, 2006 Memorandum Opinions and Orders, in which the Court dismissed the two prior declaratory judgment actions filed by Progressive and Royal. But, those actions, both Progressive's and Royal's, sought only declaratory relief. Because the only "relief being sought was [solely[ equitable", this Court properly considered the *Brillhart and Ameritas* abstention principles.[6] That is not true here, where the Bank seeks actual damages for breach of contract and bad faith. The June 27, 2006 Orders have no bearing on this Court's determination of the adequacy of the removal.

---

[5] *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173 (S.Ct.1942) and *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005). These cases involve declaratory judgment actions and dismissal is based upon the District Court's discretion under 28 U.S.C. § 2201(a).

[6] Although Progressive concedes that the Court considered abstention, it does not agree with the Court's dismissal of these actions. Moreover, the filing of the removed action changes the factors that the court considered for purposes of abstention and strongly mitigates in favor of the actions being reinstated.

*Chapman v. Clarendon National Ins. Co.*, 299 F. Supp. 2d 559 (E.D. Va. 2004), and *Beach Cove Associates v. U.S. Fire Ins., Co.*, 903 F. Supp. 959 (D.S.C. 1995), cited by the Bank in support of its argument, actually support denial of the motion for remand. In both of those cases, the district court applied abstention principles in determining remand because the only relief sought by the non-removing party was equitable in nature. In *Chapman*, the plaintiff filed a declaratory judgment action seeking relief under Virginia Code § 8.01-184. *Chapman* at 561. In *Beach Cove Associates*, the plaintiff filed a declaratory judgment action against an insurance company. *Beach Cove Associates* at 963.

**III.    Conclusion**

The Bank's Motion to Remand fails to provide any basis upon which this court may remand the present action to State Court. For this reason, the Removing Defendants respectfully request this Court to deny the Bank's Motion to Remand.

**ORAL ARGUMENT REQUESTED**

Respectfully submitted,

s/Hallman B. Eady
Hallman B. Eady (ASB-1093-L75E)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email:  heady@bradleyarant.com

Charles A. Stewart III (ASB-4955-A56C)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email:  cstewart@bradleyarant.com

Thomas R. Elliott, Jr. (ASB-1499-L74T)
LONDON, YANCEY, & ELLIOTT, L.L.C.
2001 Park Place, Suite 430
Birmingham, Alabama 35203
Telephone: (205) 380-3600
Facsimile: (205) 251-8929
Email:  telliott@lyelaw.com

Scott B. Smith (ASB- 3615-T82S)
Bradley Arant Rose & White LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
Telephone: (256) 517-5100
Facsimile: (256) 517-5200
Email:  ssmith@bradleyarant.com


Attorneys for Progressive Casualty Insurance Co.

10

CERTIFICATE OF SERVICE

  I hereby certify that on August 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

  Peter A. McInish
  Lee & McInish
  Post Office Box 1665
  Dothan, AL  36302

  John C.S. Pierce
  Butler Pappas Weihmuller Katz Craig LLP
  1110 Montlimar Drive
  Suite  1050
  Mobile, Alabama  36602

  Gerald P. Gillespy
  Rickey J. McKinney
  Jason A. Walters
  Burr & Forman, LLP
  3100 Wachovia Tower
  420 North 20th Street
  Birmingham, AL  35203

  James Davis Farmer
  Farmer, Farmer & Malone, PA
  112 West Troy Street
  P.O. Drawer 668
  Dothan, AL  36303

  and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

  Harris Leveson
  151 Warren Road
  Midway, Alabama 36053

  Harris Pest and Termite Control
  c/o Mr. Harris Leveson
  151 Warrren Road
  Midway, AL  36053

  Leah O. Taylor
  Taylor & Taylor
  2130 Highland Avenue
  Birmingham, AL  35205

11

Respectfully submitted,

s/ Hallman B. Eady
Hallman B. Eady
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: heady@bradleyarant.com

12