IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **PEOPLESSOUTH BANK, LARRY PITCHFORD, and JERRY GULLEDGE,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | |
| **PROGRESSIVE CASUALTY INSURANCE COMPANY, INC.; ROYAL INDEMNITY COMPANY, as successor in interest to GLOBE INDEMNITY COMPANY; HARRIS LEVESON; and HARRIS PEST AND TERMITE CONTROL, INC.,** | ) ) ) ) ) ) ) | **CIVIL ACTION NO. 2:06cv578-MEF-VPM** |
| **Defendants.** | ) ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO REMAND**

**COME NOW** the Plaintiffs, PeoplesSouth Bank ("the Bank"), Larry Pitchford ("Pitchford"), and Jerry Gulledge ("Gulledge") (collectively "Plaintiffs"), by and through their undersigned counsel, and hereby submit their Reply in Support of Their Motion to Remand.[1] In support thereof, Plaintiffs state the following:

**I. INTRODUCTION**

The dispositive issue in this case is simple: should the question of insurance coverage be relitigated in this Court when a final judgment on coverage has already been entered by the state court and is on appeal to the Alabama Supreme Court? The obvious answer is no. Because Progressive and Royal did not like the result they expected in state court, they filed separate actions in federal court in an attempt to obtain a different ruling. This Court properly dismissed those actions on abstention grounds in deference to the state court proceeding. Then, after

---

[1] In the interest of brevity, Plaintiffs' reply addresses the responses of both Progressive and Royal.

1490862

Plaintiffs sought to preserve their coverage claims in that same state court, Progressive and Royal improperly removed the case to federal court as a last ditch effort to obtain a different coverage determination. As Plaintiffs explain below, the present action should be remanded to state court because this Court lacks subject matter jurisdiction. But even if the Court possessed jurisdiction, the Court should once again abstain from hearing this case for the same reasons that it previously granted Plaintiffs' motions to dismiss in the actions filed by Progressive and Royal.

## II. ARGUMENT

### A. Plaintiffs' Motion To Remand Should Be Granted Because Leveson and Harris Pest and Termite Control, Inc. Are Not Fraudulently Joined.

The only way that Royal and Progressive can prove diversity is to show that Leveson and Harris Pest and Termite Control, Inc. (collectively "Leveson") are fraudulently joined. The problem Royal and Progressive have is that they named the exact same parties as defendants in their own declaratory judgment actions. Royal and Progressive simply cannot reconcile their fraudulent joinder argument with their previous decision to join Leveson in their own lawsuits. Instead of directly confronting this issue, Royal and Progressive make a series of alternative arguments, none of which justifies the exercise of federal jurisdiction.

#### 1. Progressive's Jurisdictional Arguments.

Progressive first argues that the Court should simply disregard Plaintiffs' declaratory judgment action and only consider Plaintiffs' other claims in determining diversity. Progressive cites no authority for this argument and has no explanation for why the present action is not at least as viable as the identical one Progressive filed in federal court. In that case, Progressive asked the Court to "find that this is a proper cause for an action of Declaratory Judgment and that there is a bona fide controversy between the parties as to their legal rights, duties, status, and liabilities." (Progressive Complaint, p. 8). Progressive thus admitted in its own complaint that

this is a proper action for declaratory judgment and that the Leveson defendants are proper parties. But even if Progressive had not made this admission, Progressive has yet to explain why parties to a declaratory judgment action should not be considered for purposes of determining diversity jurisdiction. Simply put, Progressive has no viable argument for why the Leveson defendants are fraudulently joined. Absent fraudulent joinder, there is no complete diversity and thus no federal jurisdiction. Accordingly, Plaintiffs' Motion to Remand is due to be granted.

Recognizing that the Leveson defendants are properly joined, Progressive alternatively argues that the Leveson defendants should be realigned as plaintiffs to create diversity jurisdiction.[2] In asserting that realignment is proper, Progressive ignores the fact that Leveson currently has a $3.5 million judgment pending against Plaintiffs, which is now on appeal to the Alabama Supreme Court. If the state courts were to find that there is no coverage for this judgment, then Plaintiffs would be left to pay the balance. This is hardly a situation that justifies realignment.

In support of their realignment argument, Progressive relies on *Boland v. State Auto. Mut. Ins. Co.*, 144 F. Supp. 2d 1282 (M.D. Ala. 2001), which is easily distinguishable. In *Boland*, the realigned parties were loss payees and were named in the insurance policy. There was no separate lawsuit and there was no outstanding judgment against the plaintiff. Here, on the other hand, Leveson is not named in the insurance policy. In addition, this dispute is over who has to pay the judgment obtained by Leveson in state court, not over who is entitled to the insurance proceeds. While Leveson obviously has an interest in this case, that interest is no more aligned with Plaintiffs than with Progressive and Royal. One way or the other, the judgment (to the

---

[2] Progressive wrongly asserts that "the Bank has no answer to the Removing Defendants' realignment argument." Progressive then spends the next four pages of its brief addressing the Bank's answer to its realignment argument.

extent it is upheld) has to be paid and there is no evidence that Leveson cares whether the money comes from Plaintiffs or from the insurance companies. Consequently, there is no circumstance here that compels the Court to realign the Leveson defendants as plaintiffs.

Even if the Court were to decide that realignment would otherwise be proper, however, the Court should still not realign here because, as explained in Plaintiffs' Motion to Remand, such an order would contravene Alabama's abatement statute. ALA. CODE § 6-5-440 (1975). In its response, Progressive argues that abatement should not be considered for a number of reasons. First, Progressive contends that abatement is not listed as a grounds for remand under 28 U.S.C. § 1447. Progressive's argument is misplaced, however, because Plaintiffs' Motion to Remand is not founded on abatement; rather, it is based on a lack of subject matter jurisdiction, which is a proper ground for remand under § 1447. Plaintiffs only raise the issue of abatement to show that if the Court were to realign the parties, the lawsuit would be in violation of Alabama's abatement statute. Because Alabama law prohibits the Leveson defendants from being plaintiffs in two different lawsuits at the same time (i.e., here and in the state court garnishment action), the parties should not be realigned. As the removing defendant, Progressive has the burden of proving that federal jurisdiction is proper, yet Progressive has failed to cite a single case that would prevent the Court from considering abatement in deciding whether to realign the parties. As a result, the Court should reject Progressive's realignment argument and find that complete diversity does not exist. But even if the Court is unconvinced that abatement should be considered for purposes of realignment, the Court should nevertheless grant Plaintiffs' Motion to Remand because any uncertainties as to jurisdiction should be construed in favor of the plaintiff. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (holding that "where plaintiff

and defendant clash about jurisdiction, uncertainties are resolved in favor of remand). Either way, Plaintiffs' Motion to Remand is due to be granted.

Progressive next argues that abatement is not a proper consideration because the garnishment proceeding would not have *res judicata* effect. Progressive's argument directly contradicts Alabama law. In *Buck Creek Indus., Inc. v. Alcon Constr., Inc.*, 631 F.2d 75, 78 (5th Cir. 1980), the Fifth Circuit Court of appeals specifically held that garnishment actions have *res judicata* effect under Alabama law. The court further held that "[u]nder Alabama law, and under common law generally, a cause of action in one case is the same as that in a second case if the evidence needed to sustain the second action would have also sustained the first action." *Buck Creek*, 631 F.2d at 78. Here, the issues in the state court case and in the present action both involve insurance coverage under the same policies and can be sustained by the same evidence. Therefore, because the garnishment proceeding would have *res judicata* effect on the coverage issue, the Court should find that abatement is applicable and should be considered for purposes of realignment.

Finally, Progressive relies on an antiquated Supreme Court decision in *Kline v. Burke Constr. Co.*, 260 U.S. 226 (1922) for the proposition that Alabama's abatement statute has no application in federal court. Once again, Progressive has taken a position that is contrary to established law. For almost seventy years, the United States Supreme Court has held that state law, like Alabama's abatement statute, applies when a federal court exercises diversity jurisdiction, regardless of whether the statute is procedural or substantive:

> Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature or 'general,' be they

commercial law or a part of the law of torts. And no clause in the constitution purports to confer such a power upon the federal courts.

*Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Here, Progressive can point to no federal law that would prohibit the application of Alabama's abatement statute. As a result, Progressive's argument that Alabama's abatement statute does not apply in federal court simply has no merit.

In sum, Progressive has failed to prove that the Leveson defendants are fraudulently joined or that the parties should be realigned. Absent fraudulent joinder or realignment, there is no complete diversity. Accordingly, the Court should grant Plaintiffs' Motion to Remand.

### 2. Royal's Jurisdictional Arguments.

Royal only asserts two grounds in support of federal jurisdiction. First, Royal argues that the Leveson defendants are not proper parties to Plaintiffs' declaratory judgment action. This argument is almost identical to the one made by Progressive and fails for the same reasons already discussed above. Royal's only other argument is that Plaintiffs' claims are barred and/or abated because they were compulsory counterclaims in the insurers' prior declaratory judgment actions. Royal's argument completely misses the point. In ruling on Plaintiffs' Motion to Remand, the Court should not analyze the merit of Plaintiffs' claims against Progressive and Royal. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Rather, the Court should only consider whether the Plaintiffs have a reasonable possibility of recovery against Leveson. *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298, 1300 (M.D. Ala. 2003).[3]

Here, the compulsory counterclaim rule and the abatement statute do not bar Plaintiffs' claims against Leveson because Leveson and the Plaintiffs were codefendants in the prior

---

[3] As observed by the Eleventh Circuit Court of Appeals in *Crowe v. Coleman*, "[o]ver and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.'" 113 F.3d 1536, 1538 (11th Cir. 1997). Similarly, this Court has held that "[a] federal court has an independent obligation to review its authority to hear a case prior to proceeding to the merits of the case." *Clingan*, 244 F. Supp. 2d at 1300.

actions. Any claim that Plaintiffs may have had against Leveson would have been a cross-claim, not a compulsory counterclaim. As the Court is aware, there is no such thing as a compulsory cross-claim. Fed. R. Civ. P. 13; 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1431 (2d ed. 2006) (noting that "[a] party who decides not to bring his claim under Rule 13(g) will not be barred by *res judicata*, waiver, or estoppel from asserting it in a later action, as he would if the claim were a compulsory counterclaim under Rule 13(a)"). Because the compulsory counterclaim rule does not apply to any cross-claims Plaintiffs may have had against Leveson, Plaintiffs are not now barred from bringing those claims in the present case. For this same reason, Royal's abatement argument also fails because it is premised on Plaintiffs' claims being compulsory counterclaims. (Doc. 9, pp. 7-8). Therefore, because Plaintiffs' claims against Leveson were not compulsory counterclaims in any prior proceeding, Royal's fraudulent joinder argument is without merit and should be disregarded.

Even if Plaintiffs' claims against Leveson had been compulsory in the insurers' federal declaratory judgment actions, Royal's argument would nevertheless fail because those cases were dismissed before Plaintiffs were required to file a responsive pleading. In both actions, the Court granted Plaintiffs' motions to dismiss; no answer was filed. (*See* Procedural History in Plaintiffs' Motion to Remand). It has long been the rule in this circuit that if a defendant files a motion to dismiss and that motion is granted, the compulsory counterclaim rule does not apply. *Lawhorn v. Atlantic Refining Co.*, 299 F.2d 353, 356-57 (5th Cir. 1962). For this same reason, Royal's abatement argument also fails because the cases were dismissed before Plaintiffs were required to file a responsive pleading.[4] Therefore, because Plaintiffs' claims against Leveson are not

---

[4] Royal's abatement argument also fails because the insurers' declaratory judgment actions have already been dismissed; therefore, even if Plaintiffs' claims had been compulsory, there would not be two pending actions. *Graul v. S&R Travels, Inc.*, 773 So. 2d 1049, 1050 (Ala. Civ. App. 1999).

barred by Rule 13 or Alabama's abatement statute, Plaintiffs' Motion to Remand is due to be granted.

### B. Progressive And Royal Have Failed To Counter Plaintiffs' Abstention Argument.

The fact that neither Progressive nor Royal even attempt to distinguish *Lexington Ins. Co. v. Rolison*, 2006 WL 1594151 (S.D. Ala. May 17, 2006) reveals just how remarkably analogous that case is to the present facts. Even though *Rolison* is squarely on point, it is not even cited by either defendant. Instead, Progressive merely relies on a Supreme Court case that does not even involve *Brillhart* abstention or any claim for discretionary relief. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) (noting that "the relief being sought in this case is neither equitable nor otherwise committed to the discretion of the court"). Since *Quackenbush* does not even involve *Brillhart* abstention or discretionary relief, it is clearly inapposite to the present case and provides no basis for denying Plaintiffs' Motion to Remand.

The cases relied upon by Royal are equally inapplicable. Royal first cites *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371 (5th Cir. 1998) for the proposition that there is no parallel state court proceeding. In *Agora*, the insurer was not even a party to the state court action, unlike Royal and Progressive, who were directly named in the garnishment proceeding. Apparently, Royal contends that it was never named in the garnishment proceeding because the garnishor (Leveson) misstated Royal's full name. This argument fails for two different reasons. First, even if Royal was not named as a party in the garnishment action, that action is nevertheless parallel because Progressive is named as a defendant in both lawsuits and both lawsuits involve the same coverage issues. Second, Royal's own conduct reveals that it was named in the garnishment action. Not only did Royal appear in response to the garnishment, but it also filed a motion to dismiss under the name "Royal

Indemnity Company," the same name by which it appears in the present case. (*See* Exh. C to Doc. 14 in Case No. 2:05-cv-01127). Royal even asserted provisions of the same policies that are at issue here. (*Id.*). If Royal was not named in the garnishment action, then why did Royal appear in that case and file a motion to dismiss? Royal's argument that it is not a party to the state court proceeding is nothing more than an attempt to elevate form over substance and get a second bite at the apple in federal court. Such procedural fencing is strongly disfavored. *See Progressive Specialty Ins. Co. v. Bailey*, 2006 WL 2091749, *4 (S.D. Ala. July 25, 2006) (dismissing Progressive's federal declaratory judgment action on abstention grounds and holding that Progressive's conduct constituted procedural fencing). Accordingly, the Court should reject the insurers' attempts to forum shop and remand this case to state court so that it can be adjudicated along with the parallel case already pending in that court. As observed by the Fourth Circuit Court of Appeals, "[i]t hardly husbands scarce judicial resources to allow separate suits stemming from the same overall controversy and involving overlapping issues to proceed simultaneously on parallel tracks." *Mitcheson v. Harris*, 955 F.2d 235, 239 (4th Cir. 1992). In light of these principles and the other authorities cited in Plaintiffs' Motion to Remand, the Court should abstain from exercising jurisdiction in deference to the state court proceedings.

Finally, Royal argues that because Plaintiffs' declaratory judgment action is accompanied by coercive claims, *Brillhart* abstention does not apply. This is the same argument that was rejected by the Southern District of Alabama in *Lexington Ins. Co. v. Rolison*, 2006 WL 1594151 (S.D. Ala. May 17, 2006). The *Rolison* court found that the "heart of the action" test was most consistent with Congressional intent and Supreme Court precedent:

> To eradicate [a court's] discretion simply because a coercive claim has been tacked onto what is, at its core, a declaratory judgment action would be to jettison those same considerations of practicality and wise judicial administration, to exalt

form over substance, to marginalize *Wilton*, and to undermine the statutory scheme established by Congress.

*Rolison*, 2006 WL 1594151 at *6.

Royal and Progressive have no answer for *Rolison*. While Progressive does not even directly challenge the issue, Royal relies on a district court case from Florida for the proposition that the *Colorado River* doctrine should apply instead of *Brillhart*.[5] Royal provides no explanation for why the Court should follow a Florida decision instead of a decision by its sister court in the Southern District of Alabama. Indeed, the only federal court in this state to address this narrow issue has found that *Brillhart* abstention applies in cases like this one, even where coercive claims are tacked onto a declaratory judgment action. Based on the sound reasoning set forth in *Rolison*, this Court should find that *Brillhart* applies and that Plaintiffs' Motion to Remand is due to be granted.

## III. CONCLUSION

For the foregoing reasons, as well as those set forth in its initial brief, the Court should grant Plaintiffs' Motion to Remand.

---

[5] Plaintiffs note that even if the Court chooses to apply the *Colorado River* doctrine, abstention is nevertheless proper here because the exercise of federal jurisdiction would result in piecemeal litigation solely involving issues of state law, even though the state court has already assumed jurisdiction. This is exactly the sort of "exceptional circumstances" that warrant abstention under *Colorado River*.

| | |
|---|---|
| s/Jason A. Walters | s/Peter A. McInish |
| Gerald P. Gillespy (GILLG3726) | Peter A. McInish |
| Ricky J. McKinney (MCK030) | LEE & MCINISH |
| Jason A. Walters (WALT8747) | Post Office Box 1665 |
| BURR & FORMAN LLP | Dothan, Alabama 36302 |
| 3100 Wachovia Tower | Telephone: (334) 792-4156 |
| 420 North 20th Street | |
| Birmingham, Alabama 35203 | ATTORNEY FOR PLAINTIFF JERRY GULLEDGE |
| Telephone: (205) 251-3000 | |

James D. Farmer
FARMER, FARMER & MALONE, P.A.
112 West Troy Street
Post Office Drawer 668
Dothan, Alabama 36302
Telephone: (334) 794-8596

ATTORNEYS FOR PLAINTIFFS PEOPLESSOUTH
BANK AND LARRY PITCHFORD

1490862                                  11

**CERTIFICATE OF SERVICE**

  I hereby certify that on this the 17th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will serve notification of such filing to the following:

| | |
|---|---|
| John C. S. Pierce, Esq. <br> jpierce@butlerpappas.com | Thomas R. Elliott, Jr., Esq. <br> telliott@lyelaw.com |
| Hallman B. Eady, Esq. <br> heady@bradleyarant.com | E. Ted Taylor, Esq. <br> taylorlaw9@aol.com |
| Charles A. Stewart, III, Esq. <br> cstewart@bradleyarant.com | Leah O. Taylor, Esq. <br> lotaylor@taylorlawyers.com |
| Scott B. Smith, Esq. <br> ssmith@bradleyarant.com | |

                 s/Jason A. Walters
                 OF COUNSEL